## LAWRENCE DRAKE, Appellant, v. BENJAMIN DRAKE and Others, Respondents, Impleaded, etc.

*Action to determine the validity, construction or effect of a testamentary disposition of real property within this State — when jurisdiction over it is conferred by section 1866 of the Code of Civil Procedure — a demurrer cannot be sustained on a ground not specified in it.*

The complaint in this action, brought to determine the validity, construction and effect of certain provisions of the last will and testament of Mary Hopeton Drake and James Drake, set forth the wills and the codicils thereto, and alleged that they had been duly executed and admitted to probate. By the ninth clause of his will, James gave and devised to Mary, in case she should die without leaving lawful issue, full power and authority to devise and appoint by her last will and testament, or other instrument in writing, executed by her as therein mentioned, certain real estate, to all, or any, or either of three of his sisters named in the will, or to all, or any, or either of the lawful issue of said sisters after the death of Mary, and in default of any such appointment, he gave and devised the said real estate to his said sisters, and to their heirs and assigns, from and after the death of Mary, to be divided among them in equal shares, the issue of any sister dying during the lifetime of Mary to take the share of the parent.

Mary died in 1884, unmarried, and without issue, leaving a will by which, after reciting the devise of the said real estate to her, and the authority to devise the same contained in the will of James, she disposed of the same to sundry persons in different shares. By a codicil to this will she revoked the devises made to three of the devisees, giving them other property, and devised other real estate to another person.

The complaint alleged that the will and codicil of Mary were void and inoperative and of no effect, in so far as they related to, or attempted to devise or appoint or dispose of lands in the complaint mentioned, and that as to them she had failed to exercise the power of appointment given to her in and by the last will of James, and prayed that the validity, construction and effect under the laws of the State of New York, of the wills of James and Mary, in so far as they related to the lands mentioned, be determined by the court.

Some of the defendants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and others upon that ground and also upon the further ground that the court had not jurisdiction of the subject of the action. An order was entered sustaining the demurrers upon the ground that the court had not jurisdiction of the subject of the action.

*Held,* a mis-trial, in so far as concerned the demurrers interposed simply upon the ground that the complaint did not state facts sufficient to constitute a cause of action, as a demurrer could not be sustained upon a ground not stated in it.

That it was error to sustain the demurrers interposed upon the ground that the court had not jurisdiction over the subject of the action, as such jurisdiction was conferred upon it by section 1866 of the Code of Civil Procedure.

*Weed* v. *Weed* (94 N. Y., 243) distinguished.

APPEAL from an interlocutory judgment, entered upon the decision of the court at Special Term sustaining demurrers to the complaint upon the ground that the court had not jurisdiction of the subject-matter of the action.

*Joseph H. Choate*, for the appellant.

*James C. Carter*, for the respondents.

MACOMBER, J.:

The demurrers of the defendants, Benjamin Drake, Mary E. Drake, Emily T. Smith, Ethelbert H. Smith, Anna T. L. Atterbury and Louis B. Atterbury to the complaint, were interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer of the defendants, Mary K. Black, Charles N. Black and James Drake Black, was put upon the same ground and also upon the further ground that the court had not jurisdiction of the subject of the action.

The order sustaining the demurrers is expressly stated to be upon the ground that the court had not jurisdiction of the subject of the action. In so far as this decision affects the demurrers, which were interposed for the reason only that the complaint did not state facts sufficient to constitute a cause of action, it would be a mistrial, because it would not be possible to sustain a demurrer upon any ground other than that upon which it was placed. This does not affect the general principle that the jurisdiction of the court may always be questioned at the trial, whether such jurisdiction is challenged by the answer or not. (Code of Civil Pro., § 499.) Nevertheless, inasmuch as one of the demurrers raised the question of the jurisdiction of the court, it was doubtless deemed advisable by counsel upon both sides to have that question settled for the benefit of all of the parties, and hence no suggestion has been made that the decision was in part at least a mis-trial, but on the contrary counsel unite in asking us to pass only upon the question that was considered by the Special Term, namely, that of the

jurisdiction of the court to entertain the case as made by the complaint.

The action is brought to determine the validity, construction and effect of certain provisions of the last will and testament of Mary Hopeton Drake and James Drake. The complaint alleges the due execution of the last will of James Drake, and his death subsequently thereto, and the admission of the same to probate before the surrogate of the county of New York, and sets forth the will and the codicil *in haec verba*. It then proceeds to set out in detail the description of the several lots of land in the city of New York, including the eleven lots hereinafter mentioned, owned by the testator at the time of his death, of which the plaintiff, with others, is in possession.

It also contains suitable allegations showing the relationship of the plaintiff with the several defendants to the testator as heirs-at-law or devisees. The ninth provision of this will reads as follows: "In case of the death of the said Mary Hopeton Drake, without leaving lawful issue surviving at the time of her decease, then, and in such case, I give and devise to her full power and authority to devise or appoint by her last will and testament, or other instrument in writing, executed by her in the manner hereinbefore mentioned, the said eleven dwelling-houses and lots of land last above-mentioned, and each and every of them, to all, or any or either of my sisters, Susan Ann Drake, Sarah Ann Lawrence and Mary N. Keene, or to all, or any or either of the lawful issue of my said sisters from and after the death of the said Mary Hopeton Drake, forever, thereafter, and in such shares and proportions as she may think proper, and in such case I hereby give and devise the same in case of such devise or appointment, and in default of said last-mentioned devise or appointment of the said Mary Hopeton Drake, and without leaving lawful issue her surviving, I hereby give and devise the last-mentioned eleven dwelling-houses and lots of land to my sisters above named, and to their heirs and assigns, from and after the death of the said Mary Hopeton Drake, forever, to be divided among my said sisters in equal shares, and in case of the death of any or either of my said sisters, during the lifetime of said Mary Hopeton Drake, leaving lawful issue, then, in such case last mentioned, the said issue of each one so dying shall take the share or

part thereof which the parent of such issue would have taken if she had survived."

It is out of the foregoing article of the will of James Drake that the questions of law, designed by plaintiff to be presented to the court, principally arise.

It further appears that Mary Hopeton Drake survived the testator, and after the death and the probate of the will, she took possession of the eleven lots of land particularly set forth in the complaint and continued to occupy and possess the same until her death. Mary Hopeton Drake, it is shown, died on the 24th day of June, 1884, unmarried and without issue, having previously made her last will and testament bearing date the 14th day of June, 1881, and a codicil thereto, bearing date the 21st day of June, 1881, both of which instruments are set out in full in the complaint and were duly admitted to probate by the same surrogate. By the second article of her will she recites the fact of the devise to her of the eleven houses and lots mentioned in the will of James Drake, and the authority to devise the same as therein provided, and then proceeds to make a disposition thereof to sundry persons in different shares. By the first article of her codicil she revokes the devise made in the second clause of her will to James Drake Black and devises him other property in lieu thereof. She also revokes the devise to Mary Hopeton Smith and in place thereof gives her other property; and also revokes the devise to Mary Hopeton Drake and gives her other property instead thereof. By the second clause of her codicil she devises to Hopeton Drake Atterbury land on the western side of Broadway, in the city of New York, describing it, also premises on Twelfth street adjoining, to have and to hold the same to the said Hopeton Drake Atterbury and to her heirs and assigns forever. And if the devisees should not be living at the time of the death of the testator, then the same should go to her lawful issue, equally, and in the event of her death before the testator, without lawful issue surviving her, then the property should form a part of her residuary estate and be disposed of as directed in relation to that portion of her property.

The complaint further alleges that article second of said will of said Mary Hopeton Drake, and articles first and second of her codicil thereto are void, inoperative and of no effect, in so far as they relate to or

attempt to devise or appoint or dispose of lands in the complaint particularly described, or any part thereof, and that as to said lands and premises the said Mary Hopeton Drake has failed to devise or appoint the same under law by virtue of the power of appointment given to her in and by the last will and testament of James Drake. Thence follows a suitable prayer for relief based upon such allegations, and a further prayer that the validity, construction and effect under the laws of the State of New York, of the will of the said James Drake, deceased, in so far as it relates to the lands and premises mentioned, and the validity, construction and effect under the laws of any testamentary disposition of said lands, in that will contained, be determined by this court ; that the validity, construction and effect of the last will and codicil of Mary Hopeton Drake, in relation to the same subject-matter, or of any attempted testamentary disposition of those lands and premises, or any part thereof, in and by the will of Mary Hopeton Drake, be also determined by the court, together with a suitable prayer for injunction and appointment of a receiver, etc.

It will thus be seen what was in the mind of the counsel who drew the complaint, and what questions of law may arise for the determination of the court. We are not asked to make a construction of any of these provisions of the wills respectively, nor to pronounce any of their provisions valid or invalid, but are asked to consider only the question of jurisdiction of the court to entertain a complaint containing these allegations, and by which a construction of this nature is sought. The learned judge at Special Term based his decision upon the case of *Weed* v. *Weed* (94 N. Y., 243). That case holds only that a devisee, who claims a mere legal estate in the real property of the testator, where there is no trust, cannot maintain an action for the construction of a devise, but must assert his title by legal action, or if in possession, must await an attack upon him and set up the devise in answer to the hostile claim. The court held that there was no element in the case of equitable jurisdiction or cognizance, inasmuch as there was no trust provided for by the terms of the will. That decision was in a case arising before the enactment of section 1866 of the Code of Civil Procedure, upon which the complaint in this action is manifestly based, and furthermore it does not, in our judgment, meet any question

that is designed to be presented by the plaintiff in this action. The question before us rather is this, assuming the principle of *Weed* v. *Weed* to exist, as it has existed from time immemorial, is this plaintiff in a situation to call upon the court for the construction of the particular wills above mentioned ?

Section 1866 of the Code of Civil Procedure is as follows : " The validity, construction or effect under the laws of the State, of a testamentary disposition of real property situated within the State, or of an interest in such property which would descend to the heir of an intestate, may be determined in an action brought for that purpose in like manner as the validity of a deed purporting to convey land may be determined. The judgment in such an action may perpetually enjoin any party from setting up, or from impeaching the devise, or otherwise making any claim in contravention to the determination of the court as justice requires."

It would seem by reference to the ninth clause of the will of James Drake, that a trust of a most important character was reposed in Mary Hopeton Drake, and that the execution of that trust or power in trust, if it be that only, calls upon this court for the exercise of its most important equitable jurisdiction, and a power which is not limited altogether, either by the section of the Code above mentioned or by previous legislation. This section of the Code is an elaboration only of the statute of 1853, by which the validity of any actual or alleged devise in a will of real estate might be determined by the Supreme Court in a proper action for that purpose, in like manner as the validity of any deed conveying or purporting to convey lands may be determined by such court. And we are cited to a decision of the General Term in the Second Department, by which a complaint was sustained under chapter 238 of the Laws of 1853, which sought to declare a will invalid. The law of 1879 (Laws of 1879, chap. 316) simply provides that the validity of a devise or will may be determined by the Supreme Court in a proper action for that purpose, leaving out entirely the restrictive clause derived from the analogous practice relating to deeds of real estate.

Many cases have been decided by the courts, arising under the statute of 1853, which tend to uphold the contention made by the counsel for the plaintiff, that even without the section 1866 of the

Code, the jurisdiction of the court, in this instance, would be upheld, and among them are *Jones* v. *Jones* (1 How. Pr. [N. S.], 510); *Marvin* v. *Marvin* (11 Abb. Pr. [N. S.], 102); *Wager* v. *Wager* (23 Hun, 439); *Ward* v. *Ward* (23 id., 431); *De Bussierre* v. *Holliday* (55 How. Pr., 220). The case of *Tiers* v. *Tiers* (98 N. Y., 568) seems to have arisen distinctively under section 1866 of the Code, but authorities are hardly needed in a case which is perspicuously placed by the pleader upon the section of the Code already quoted. "The validity, construction or effect under the laws of the State of a testamentary disposition of real property, situated within the State, * * * may be determined in an action brought for that purpose," says the statute. The plaintiff brings this action thereon, and under suitable allegations, challenging the validity of article two of the will of Mary Hopeton Drake, and articles one and two of the codicil to that will, as the same is to be ascertained under article nine of the will of James Drake, and in the words of the statute asks that this court determine the validity, construction and effect of those instruments. It seems to us to be a plain application to the court for a construction of a devise of a power in trust by one will, and the sufficiency of the execution of that power by another will, under a statute that was specially and particularly designed to meet the questions arising under both wills. Being of opinion, therefore, that the Special Term was in error in sustaining the demurrers upon the ground that the court had not jurisdiction of the subject of the action, it follows that the order and interlocutory judgment should be reversed.

It is so ordered, without costs to either party, and with directions to the Special Term to consider the questions which are presented by the other ground of the demurrers, which will necessarily involve the construction and effect of the provisions of the two wills already mentioned.

BRADY, P. J., and DANIELS, J., concurred.

Judgment reversed, without costs.