MARY C. UNDERWOOD *et al.*, Respondents, *v.* HARRIET S. CURTIS *et al.*, as executors, etc., Appellants.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889..

1. *Will. Construction.*—A will and codicil are to be construed together as though the language thereof is contained in one instrument.
2. *Same. Suspension.*—The mere creation of a trust does not suspend the power of alienation, where there is no period when a sale will be in contravention of the trust, though there is a discretion given to the trustee as to the time in which a sale may be made.

Appeal from an interlocutory judgment entered upon a decision overruling a demurrer to the complaint and awarding judgment "against said defendants as prayed for in the complaint, to be enforced according to law, with leave, however, to the said defendants, Harriet S. Curtis and Helen C. Waters, as individuals, and as executrices aforesaid, within twenty days from the service of a copy of this interlocutory judgment, to pay the costs of the plaintiffs as taxed ; " and also provided that in case of a failure to pay the costs and serve an answer, that final judgment be entered in favor of the plaintiff's, declaring, viz : " (1.) That the devises in the will of Palmer H. Curtis, deceased, described in the complaint, excepting the devises of the estates in the premises described in the complaint, limited upon the life of Mrs. Fanny Curtis, are void.

" (2.) For the partition or sale of said premises pursuant to section 1533 of the Code of Civil Procedure subject to the estates limited upon the life of Mrs. Fanny Curtis, with costs."

The complaint alleges, among other things, viz: " The said plaintiffs and the defendants, Harriet S. Curtis and Helen C. Waters, as the children of said Palmer H. Curtis, are each entitled to an undivided one-fifth part thereof, and

the said defendant, Bertie Curtis (also known as Bertie Beard), as the child of said Hurd L. Curtis, is also seized of and entitled to an undivided one fifth part thereof."

The prayer of the complaint was to the effect that the right of the parties in the lands described therein be ascertained and determined by and under the direction of this court, and that a partition and division thereof be made between the said plaintiffs and the other parties interested in the said premises, according to the respective rights and interests of each therein.

It also contains a prayer for actual partition, and in case that could not be had without great prejudice to the owners, then that a sale be had; and the further prayer in the complaint was as follows: "Or that the validity, construction and effect of said will and codicil, and of each and every part thereof, and the legal rights and interests in said real estate and property, and of each and every of the parties to this action, be determined by the judgment and decree of this court; and that the plaintiffs may have such other and further judgment or relief in the premises as to the court shall seem just."

It was alleged in the complaint that "Palmer H. Curtis was, in his lifetime, and at the time of his death, seized in fee simple and possessed" of the lands and real estate described in the complaint. It was also alleged that "Fanny Curtis, Helen C. Waters and Harriet S. Curtis, are in possession, and claim possession of all the said real estate, under an instrument in writing, purporting to be the last will and testament of said Palmer H. Curtis, dated September 13th, 1879, and the codicil thereto annexed, dated June 7th, 1882." The complaint also sets out the will and the codicil. The complaint contained a further allegation, to wit: "That said alleged will, and said will and codicil, and said codicil, are, and each and all thereof, are illegal, null and void, and no rights or title passed thereunder to said defendants,

Fanny Curtis and Harriet S. Curtis or Helen C. Waters."
It was also alleged in the complaint, that "Fanny Curtis is
the widow of said Palmer H. Curtis, the father of said
plaintiffs and the defendants, Harriet S. Curtis and Helen
C. Waters, and the grandfather of the said defendant,
Bertie Curtis, from whom they inherited said premises, and,
as such widow, claims a right of dower which has not been
admeasured in the premises."

Palmer H. Curtis died in Syracuse, November 29th, 1882.
The will and codicil were duly admitted to probate by the
surrogate of Onondaga county.

With the formal parts omitted they are as follows:

## WILL.

In the name of God, amen. I, Palmer H. Curtis, of the
city of Syracuse, Onondaga county, and state of New York,
being of sound mind and memory, and considering the un-
certainty of this life, do, therefore, make, publish and de-
clare this to be my last will and testament, that is to say:
After all my lawful debts are paid and discharged, I give
and bequeath to my four daughters, Helen C. Waters,
Harriet S. Curtis. Mary A. Underwood and Theresa L.
Brown, all my household furniture, family pictures and
books, etc., to be equally divided between them by my ex-
ecutors herein named; but said household furniture, family
picture, books, etc., shall not be so divided during the life-
time of my wife Fannie Curtis, and my said wife, and my said
daughters, Helen C. Waters and Harriet S. Curtis, shall
have the use, benefit and control of the said household fur-
niture, family pictures, books, etc., until the death of my
said wife, free from charge. I give and bequeath unto two
of my daughters, viz: Helen C. Waters and Harriet S.
Curtis, two horses, two sets of harness, two carriages and
two sleighs. I give and bequeath unto my wife, Fanny
Curtis, and unto my daughters to wit: Helen C. Waters

and Harriet S. Curtis, the use, proceeds, income and benefit of all the rest, residue and remainder of my estate, both real and personal, to share and share alike therein during the life-time of my said wife, Fanny Curtis, and the provisions herein made for my said wife shall be in lieu of dower, providing she will accept the same. And upon my death my said executrices are hereby authorized and empowered to enter upon, into and take possession of, all my estate, both real and personal, and hold, use, and keep the same, or rent the same, for the sole use and benefit of and for my said wife, and my two daughters, the said Helen C. Waters and the said Harriet S. Curtis, until the death of my said wife. My said executrices are hereby fully authorized and empowered during the life-time of my said wife, or at any time thereafter, to sell, grant, bargain and convey by contract or good or sufficient deed or deeds, all or any of the real estate, lands or hereditaments of which I shall die seized, for such price or prices, and upon such terms and conditions as to my said executrices shall seem meet, the proceeds of such sale or sales to be held by them for the use and benefit of my said wife, and the said Helen C. and Harriet S., during the life-time of my said wife, as heretofore expressed. Said executrices are hereby authorized and empowered to rent any or all of said real estate during the life of my said wife.

Upon the death of my wife, the said Fanny Curtis, or at such times thereafter as my said executrices shall deem meet, and within ten years after the death of my said wife, I direct that my said estate, real and personal, be divided by my said executrices into four equal shares or portions; that one of said shares or portions shall be given to and be the absolute property of my daughter, Helen C. Waters; that one of said shares or portions shall be given to and be the absolute property of my daughter, Harriet S. Curtis; the remaining two shares or portions of my estate, I give and bequeath to my said executrices, in trust, for them to

hold and invest in good, permanent, well paying securities, and the use, income, and proceeds of one of said shares or portions are by them to be paid to and for the use and benefit of my daughter, Mary A. Underwood, during the life-time of my said daughter, Mary A. Underwood, and upon the death of my said daughter, Mary A., the share or portion last aforesaid shall belong absolutely to her heirs-at-law. In case of sickness, or any other misfortune, during the life-time of said Mary A. my said executrices are hereby authorized to pay over to said Mary A. for her use and benefit(should Mary A. need the same), out of the principal of the said share or portion hereinbefore set apart for the use and benefit of the said Mary A. such sum or sums of said share or portion as to my executrices shall seem meet, but such payments shall not, in the aggregate, exclusive of the use and benefit, or income of said share or portion here-inbefore directed to be paid to said Mary A., exceed the sum of $200 in any one year. The use, income, or proceed· of the remaining share or portion of my estate is, by said executrices, to be paid to and for the use and benefit of my daughter, Theresa L. Brown, during the life-time of my said daughter, Theresa L., and upon her death, the share or portion last aforesaid shall belong absolutely to her heirs-at-law. In case of sickness, or any misfortune, during the life-time of said Theresa L., my said executrices are hereby authorized to pay over to said Theresa L., for her use and benefit (should said Theresa L. need the same), out of the principal of the said share or portion hereinbefore set apart for her use and benefit, such sum or sums of said share or portion as to my said executrices shall seem meet, but such payments shall not, in the aggregate, exclusive of the use and benefit of said share or portion hereinbefore directed to be paid to said Theresa L., exceed the sum of $200 in any one year.

And my said executrices are hereby authorized and empowered to sell, convey, to convert into money, any or all of

my estate, real or personal, for the purpose of making the division above named, and for that purpose they are given the said ten years in which to make the said divisions, so that my estate may not be sacrificed; but it is my will that my daughters, Mary A. and Theresa L., shall have the income from the share or portion of my estate named for them, and for their use and benefit, from the death of my said wife, to be paid to them from that date, at least once yearly. Likewise, I make, constitute and appoint my daughters, Helen C. Waters and Harriet S. Curtis, to be the executrices of this my last will, and testament, hereby revoking all former wills by me made; and having full confidence in my said executrices, they, nor neither of them, shall be required to give any bond or security for the execution of the said will, or the trust herein created.   In witness whereof I have hereunto subscribed my name and affixed my seal, this 13th day of September, 1879.

PALMER H. CURTIS.      [ L. S. ]

## CODICIL.

*Whereas,* I, Palmer H. Curtis, of the City of Syracuse, Onondaga county, and state of New York, did, on the 13th day of September, 1879, make, subscribe, and publish my last will and testament in words and figures as therein expressed : Now, therefore, I, said Palmer H. Curtis, do make this codicil to my said last will and testament, as follows : I give and bequeath to my four daughters, Helen C. Waters, Harriet S. Curtis, Mary A. Underwood, and Theresa L. Brown, all my household furniture, goods, family pictures, and books, to be equally divided between them by my executrices in said will appointed, as in said will directed.   Said household goods, furniture, family pictures, and books shall not be divided during the life-time of my wife, Fanny Curtis, nor until my executrices shall sell and convey all the real estate of which I shall die seized, and my said wife, Fanny

Curtis, and my said daughters, Helen C. Waters and Harriet S. Curtis, or any one, or either of the three who shall survive the other, shall have the use, benefit and control of said household goods, furniture, family pictures and books, absolutely free from all charges, until the death of my said wife, and until the further time when the real estate of which I shall die seized shall be sold and conveyed by my said executrices, not to exceed the ten years named in said will.

That my two married daughters, to wit, Mary A. Underwood and Theresa L. Brown shall not have the interest, benefit, or income from the share or portion of my estate named for them and for their benefit in said will until the the death of my said wife, Fanny Curtis, but said interest, benefit, or income shall belong absolutely to my said wife and two other daughters, to wit, Helen C. Waters and Harriet S. Curtis, until the death of my said wife, share and share alike. If upon the death of my said wife, Fanny Curtis, all the real estate of which I shall die seized shall not then have been sold and conveyed as in said will provided, then, and in that event, said two married daughters, to wit, Mary A. Underwood and Theresa L. Brown, shall not have the interest, benefit, or income from the share or portion of my estate named for them and for their benefit in said will, until said executrices shall sell and convey all the real estate of which I shall die seized, but the said interest, benefit, and income named in said will for said Mary A. Underwood and Theresa L. Brown shall belong absolutely to my two other daughters, to wit Helen C. Waters and Harriet S. Curtis, or to the one who shall survive the other, until such time as the real estate of which I shall die seized shall be sold, and not to exceed the ten years named in said will. This codicil is made to enable my wife and two unmarried daughters to live upon and occupy the said real estate until such time as it shall be sold as in said will pro-

vided. In witness whereof I have hereunto set my hand and seal this 7th day of June, 1882."

PALMER H. CURTIS. [L. S. ]

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*M. M. Waters* and *Ames, Platt & Wilson,* for appellants.

*Costello & Ide,* for respondents.

HARDIN, P. J.—Respondents' learned counsel is correct in claiming that the will and codicil are to be construed together as though the language thereof was contained in one instrument. 3 R. S., 7th ed., p. 2288, § 71; Ward as Executrix *v.* Ward, 105 N. Y. 68 ; 6 N. Y. State Rep. 798; Brown *v.* Clark, 77 N. Y. 369.

We do not agree with the learned counsel for the respondents, however, in his contention that " said will and codicil, and said codicil, and each and all of them, are illegal, null and void, for the reason that the absolute power of alienation, or ownership of the property is thereby suspended for a longer period than during the continuance of not more than two lives in being at the creation of the estate." Of course the provision of the statute in respect to the suspension of power of alienation for not more than two lives in being must be borne in mind in giving construction to the will and codicil before us. 2 R. S., 7th ed., p. 2176, § 15; Patterson *v.* Ellis, 11 Wend. 259; Knox *v.* Jones *et al.,* 47 N. Y. 389; Schettler *v.* Smith, 41 id. 328.

We are of the opinion that an estate for the life of Fanny Curtis, the widow, vested in the whole estate upon the death of the testator, for the benefit of Fanny Curtis, Helen C. Waters and Harriet S. Curtis.

We are also of 'the further opinion that on the termination of the life estate first provided for, Mary A. Underwood took a contingent life estate in one-quarter of the real

estate, subject, however, to the contingency of an omission to sell within ten years, according to the contingencies mentioned in the will and codicil.

We are also of the further opinion that one-quarter of the real estate passed to Theresa Brown under like contingencies, and that the other two-fourths of the remainder of the estate vested in the two daughters, Helen C. and Harriet S. Curtis.   Ackerman *v.* Gorton, 67 N. Y. 66.

While there was a discretion vested in the executrices to make a sale, there was no creation of a trust term for any limited or stated period of time, and hence there was no suspension of the power of alienation.

The mere creation of the trust did not suspend the power of alienation.   There was no period when a sale would be in contravention of the trust, although it may be conceded there was a discretion given to the trustee as to the time in which a sale might be made.   Robert *v.* Corning, 89 N. Y. 225 ; Henderson *v.* Henderson, 21 N. Y. State Rep. 800.

These views lead us to the conclusion that the judgment, so far as it declares portions of the will " illegal and void," is erroneous, and ought to be reversed.

It is suggested, however, by the learned counsel for the respondent that an action for partition may be maintained by virtue of section 1533 of the Code of Civil Procedure. That section provides, viz: " Where two or more persons hold, as joint tenants or as tenants in common, a vested remainder or reversion, any one or more of them may maintain an action for a partition of the real property to which it attaches, according to their respective shares therein, subject to the interest of the person holding the particular estate therein.   But in such an action the property cannot be sold ; and if it appears, in any stage thereof, that partition cannot be made, without great prejudice to the owners, the complaint must be dismissed."

Under this section it must be obvious that the complaint before us, so far as it asks for a sale of the property, cannot

be upheld under the section just quoted. It may be questionable whether upon the facts that are stated in the complaint, it appears that an actual partition " cannot be made without great prejudice to the owners." We do not regard it important to pass upon that view of the case upon the facts now before us.

It may be suggested there is also doubt as to the propriety of the plaintiffs maintaining a partition against Bertie Curtis. Sullivan *v.* Sullivan, 66 N. Y. 37.

However we do not consider it important to pass upon the question finally in the determination of the appeal before us.

It is quite apparent that the pleader did not prepare the complaint in this case, with a view of bringing the rights of the parties before the court, that the property might be partitioned in virtue of the enabling provisions found in section 1533 of the Code of Civil Procedure.

It may be further observed that the complaint does not contain an artistic statement of facts sufficient to constitute a cause of action for the purpose of maintaining an actual partition against the defendants as executrices in pursuance of the provisions of section 1533, enabling two or more persons who hold as tenants in common " a vested remainder or reversion," to maintain an action for a partition of real property.

If the plaintiffs are to be allowed to maintain an action for actual partition in virtue of the section just alluded to, before doing so they should amend their complaint and so frame it as to bring their case fairly within the permissive provisions of the section of the Code.

It seems to be conceded by the respondent, and to have been held at the special term, that this will and codicil affected a conversion of the real estate into personalty, so that the statute in relation to " accumulation of personal property " was the only one applicable to the questions involved in the case. However, we do not think it opportune

to pass conclusively upon that question, nor whether that view of the case stands in the way of an actual partition of the real property. Davis *v.* Davis, 15 Week. Dig. 118; Morse *v.* Morse, 85 N. Y. 53.

Nor do we deem it important to pass upon the question as to whether the plaintiffs can present a proper state of facts entitling them to a construction of the will and codicil. Weed *v.* Weed, 94 N. Y. 247.

Because of the erroneous provisions found in the judgment brought before us by the appeal, we think it should be reversed, with costs, and the demurrer sustained, with costs, with leave, however, to the plaintiffs to amend their complaint upon payment of costs of the demurrer, and upon the costs of this appeal, within twenty days.

Judgment reversed with costs, and the demurrer sustained, with costs, with leave to the plaintiffs to amend their complaint within twenty days upon payment of costs of the demurrer and of this appeal.

MARTIN and MERWIN, JJ., concur.