### BENNER *v.* BENNER *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

1. ACTION TO CONSTRUE WILL—PARTIES.
    In an action by the executrix to construe a will as to her rights under its provisions in the testator's estate, a co-executor, although having no pecuniary interest in the litigation, is "united in interest" with plaintiff in the subject of the action, within the meaning of Code Civil Proc. N. Y. § 448, and must either be joined as plaintiff, or, if he withhold his consent, be made a defendant, and the reason therefor be stated in the complaint, as required by said section.

2. COSTS—ALLOWANCE.
    Where on trial of a demurrer to a complaint, on two grounds, the demurrer is sustained as to one ground only, costs should not be allowed to either party as against the other.

Appeal from special term, New York county.

Action by Mary S. Benner, as executrix of Hiram Benner, deceased, and individually, against Frank M. Bonta, executor of said Hiram Benner, and others. Two of said defendants, Charles H. Benner and Frances Duclos, demurred to the complaint, on the grounds that there was a defect of parties plaintiff, and that several causes of action had been improperly united. The demurrer was sustained on the former ground. Plaintiff appeals from the

interlocutory judgment entered thereon. For action to construe the will of Hiram Benner, see 6 N. Y. Supp. 293. Code Civil Proc. N. Y. § 448, pro-vides: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly provided in this act. But, if the consent of any one who ought to be joined as a plaintiff cannot be obtained, he may be made a defendant, the reason therefor being stated in the complaint."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wing, Shoudy & Putnam,* (*J. A. Shoudy,* of counsel,) for appellant. *C. Bainbridge Smith,* for respondents.

DANIELS, J. So much of the demurrer was sustained by the judgment as was placed upon the objection that the defendant Frank M. Bonta, who was an executor of the estate, had not been joined as a party plaintiff. It was not alleged that his consent could not be obtained to join him as a plaintiff, and on that account, if he was united in interest with the executrix in the subject of the action, he should, by section 448 of the Code of Civil Procedure, have been joined with her as plaintiff. The defect, if it existed, appeared by the complaint itself, and accordingly furnished ground of demurrer. It is clear enough from the complaint that the executor Frank M. Bonta had no pecuniary interest in any proceeds of the litigation resulting from a favorable determination of the action; but, whatever they might be, they would be to the advantage of the executrix, who is the sole plaintiff. But whether she can maintain her claims to the extent that she has made them against the estate must depend wholly upon the construction which should be given to the will of the testator. The property of the estate is in the undisputed posses-sion of the executrix and executor, so far as it may be affected by the action; but there was devised to her for her occupation, and that of the minor chil-dren, until they respectively attained their majority, in her life-time, or she should remarry, a house and lot of ground owned by the testator at the time of his decease, which she might, in writing, select, together with useful and ornamental furniture that should be necessary to be occupied and enjoyed by her and his minor children, during their respective minorities, or until her decease, or she should marry again. The house and lot No. 46 East Seventy-Ninth street was so set apart and occupied by her until it became necessary for her to live more economically, and from that time she rented the house, and stored the furniture, and claims that rent to the 9th of January, 1889, when the youngest child became of age, being a period of about nine years. The will also directed that there should be set apart or invested the sum of :$30,000, or one-third of the appraised value of the personal estate, as the plaintiff should elect, and the income, interest, profits, and earnings thereof paid over to her in half-yearly payments as long as she lived. She elected the investment of $30,000, which, with $10,000 more, was put into 4 per cent. United States bonds, in November, 1878. These bonds were sold in Novem-ber, 1886, at a profit over the purchase price of $11,187.50, of which she claimed to be entitled to three-fourths, and the respondents questioned that right. A question also arose as to her title to one-fifth of the share devised by the will of the testator to a deceased grandchild, and she has asked judg-ment for the construction of the will, so far as it affects these claims and dis-putes. And, whatever that construction shall be, it will dispose of her rights in these parts of the estate, and no further action of the court has been, or need be, invoked, on her part, concerning these demands. If the construc-tion shall be favorable to her, then she will retain these amounts out of the estate; if it shall be adverse, then nothing whatever will remain to be done. A complete end will be placed upon this part of the litigation by the con-struction that shall be adopted. That will meet the full extent and scope of the litigation.

Other claims are set forth in her behalf as executrix, as well as individually, not included in, or to be disposed of by, the construction of the will. But excluding these claims, as that may properly be done, for the reason that so much of the complaint as relates to them was not held to be demurrable, then the case depends wholly upon the construction of the will. And, to obtain that construction, it is very well-settled that the action must be brought by the executors or trustees, and it cannot be successfully prosecuted by her alone, for her individual benefit. She might, of course, have sued to recover these amounts, if her right to them had been denied by the executor, and, as an incident to that action, the will would be construed. But that dispute has not arisen, and, if it had, the action has not been brought in the form including that redress, but its object as to these claims is the construction of the will, and the right to maintain it in that form has been uniformly held to be vested in the executors or trustees. *Baily* v. *Briggs*, 56 N. Y. 407; *Monarque* v. *Monarque*, 80 N. Y. 321; *Weed* v. *Weed*, 94 N. Y. 243; *Anderson* v. *Anderson*, 112 N. Y. 104, 110, 19 N. E. Rep. 427. And in bringing that action this executor should have either been joined as plaintiff or made a defendant, in case he withheld his consent. In obtaining a construction of the will for the proper administration of the affairs of the estate under it, he was equally interested with her, and the omission to include him in either way was a ground of demurrer.

As to the other portions of the complaint, the decision resulting in the interlocutory judgment has not been questioned by the appeal. At the trial of these issues of law each party virtually succeeded in part, the defendants expressly on the objection that the executor should have been a plaintiff, and the plaintiff by a clear implication, as the complaint was no further pronounced defective, so far as the remainder of the complaint was included in the demurrer. The case in this manner was nearly equally divided, and it was therefore not one for costs, or, if costs were to be allowed, then each party was equally entitled to them. But it was not equitable to give costs to one of the parties against the other on this disposition of the case; and, to rectify the case in this respect, so much of the judgment as includes directions for costs, or for their payment as a condition to the right to amend, should be reversed, and stricken out. And, as then modified, the judgment should be affirmed, without costs of the appeal to either party, and the plaintiff should have leave to amend her complaint within 20 days. All concur.