(101 App. Div. 119)

### HIGGINS v. DOWNS et al.

(Supreme Court, Appellate Division, Second Department.   January 27, 1905.)

1. WILL—CONSTRUCTION—ESTATE DEVISED.

A will provided: "Lastly, I give, bequeath and devise to my son all the residue of my property, both real and personal, to be held in trust, nevertheless, by my said executors, and managed and cared for by them for my son's benefit until he shall arrive at the age of fifty years, when said trust shall continue in the discretion of said executors, and if my son shall die while it is in force he may dispose of said property by will. and if he dies intestate then this property I bequeath to my heirs at law." *Held*, that the son took a "descendible, devisable, and alienable" estate in expectancy within Real Estate Law (Laws 1896, p. 567, c. 547) § 49, to which the lien of the son's judgment creditor would attach under Code Civ. Proc. § 1251.

2. SAME—EQUITABLE JURISDICTION—SCOPE OF INQUIRY.

A judgment creditor of a beneficiary under a will cannot maintain an action under Code Civ. Proc. § 1866, authorizing an action to determine the "validity, construction, or effect of a testamentary disposition of real property" for the purpose of determining the estate of the beneficiary.

3. EXECUTION—SALE—TITLE ACQUIRED.

A descendible, devisable, and alienable estate may be sold on execution, and the purchaser at such sale will become the owner of a future expectant estate, contingent on events that may never happen.

Appeal from Special Term, Suffolk County.

Action by Spencer L. Higgins, on behalf of himself and all of the creditors of A. Tuthill Reeve whose executions have been returned unsatisfied, against Nathan A. Downs and another, executors and trustees of the estate of Rhoda J. Reeve, deceased, and others.   From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Richard L. Sweezy, for appellants.

M. Casewell Heine (William H. Cornell, on the brief), for respondent.

MILLER, J.   This is an appeal by the defendants from a judgment of the Special Term construing the will of Rhoda J. Reeve in favor of the plaintiff, who sues as judgment creditor of one A. Tuthill Reeve, a beneficiary named in said will.   The particular clause of the will in controversy is as follows:

"Lastly: I give, bequeath and devise to my son Tuthill all the rest and residue of my property both real and personal to be held in trust, nevertheless, by my said executors, and managed and cared for by them for my son Tuthill's benefit until he shall arrive at the age of fifty years when said trust shall continue in discretion of said Executors, and if my son shall die while it is in force, he may dispose of said property by will and if he dies intestate then this property I bequeath to my heirs at law."

The learned court at Special Term held that the clause in question was ineffectual to create a lawful express trust for the reason that the devise was not made to the executors in trust, but to A. Tuthill Reeve in express terms, and because the purpose of the trust was not one of those enumerated in section 76 of the real property law (Laws 1896, p. 571, c. 547), and that the effect of the provision for the benefit of the son Tuthill was to vest in him a life estate with an absolute power of disposition not accompanied by a trust, and that as to the plaintiff such estate was changed into a fee absolute, to which the lien of the plaintiff's judgment attached pursuant to section 129 of the real property law. The appellants challenge this construction, and also raise the question of jurisdiction. In my view of the second question, it may not be necessary to determine the first on this appeal, but a determination of the interests of the respective parties will aid in determining the jurisdiction of the court to entertain this action at the instance of the plaintiff.

The province of construction is to determine, first, from the language used, the intention of the testator, and, second, whether that intention can be lawfully effectuated. It is true that by the first part of the clause in question the testatrix does in terms devise the residue of her property to her son Tuthill in words appropriate, when standing alone, to vest in him a fee absolute; but when construed in connection with the rest of the will it becomes apparent that such was not her intention, and that she expressly limited the provision for his benefit so that he should not take a fee absolute, and by appropriate language to create a trust she expressly provided that the property disposed of for the benefit of her son Tuthill should be held in trust by her executors, and that, if the power of disposition of the property by will during the trust term given to her son should not be exercised, the property should descend to her own heirs at law. It is an elementary proposition that a clause in a will in terms devising a fee absolute may be so limited by subsequent provisions as to give only a life estate or create a trust. One of the findings relied on to support this judgment is "that the provisions of the paragraph 'Lastly' purport to create a trust." Such, then, being the manifest intention of the testatrix as found by the learned trial court, the discussion is narrowed down to the proposition as to whether the purpose of the trust is a lawful one. It is true that the language used is not the language of the statute, but it is not necessary that the words of the statute, or in fact any particular words, should be used, if the language employed clearly manifests an intention to create a trust for a lawful purpose. The phrase, "to be held in trust, nevertheless, by my said executors," clearly implies possession, and the phrase "managed and cared for by them" implies that they should receive the rents and profits, and the phrase "for my son Tuthill's benefit" can mean nothing if it does not mean that such profits should be applied to the use of said Tuthill.

It is urged that title in the executors is not necessary for management and care, and that with a life estate in the son Tuthill the executors under a power could have full management and care. It seems to me that the direction that the property should be held in trust by the executors and managed and cared for by them is inconsistent with

a life estate in the son Tuthill. I am aware that it has been said that management and control may be exercised under a power and without the possession of the legal title, but I am unable to understand how real property can be effectually held, managed, and cared for by a person during the life of another who has the legal title. Certainly the testatrix, by the language used, intended that the duties of the executors should be active, and not merely advisory. It is true that title in trustees will not be implied except such is the clear intention of the testator, and, while the courts have frequently construed even express devises to trustees as creating only a power, such constructions have been adopted for the reason that a different construction would have defeated the intention of the testator, avoided some portion of the will, or produced intestacy. Title in the trustees will be implied where such is the manifest intention of the testator, and the duties imposed are active, and render the possession of the legal title convenient and reasonably necessary for the exercise of such duties; and particularly where such a construction will give effect to the entire will and the clearly expressed intention of the testator. My conclusion, therefore, is that by the clause "Lastly" the testatrix did create a valid express trust in her executors for the purpose of receiving the rents and profits of the real property devised, and applying them to the use of the said son Tuthill during his life, or the shorter period mentioned in the will, in the discretion of the executors, with the power of disposal of said property by will in the said son Tuthill; and that said power of disposal, being accompanied by a trust, does not fall within the provisions of section 129 of the real property law, and that therefore the said Tuthill did not become vested with a fee absolute as to the plaintiff. However, it is also a rule of construction that a devise in terms ample to create a fee absolute is only limited by subsequent provisions to the extent necessary to give effect thereto. It therefore follows that the testatrix created two future expectant estates to take effect in the alternative, to wit, a remainder in said son Tuthill, limited upon the precedent estate in the executors and contingent upon his "arriving at the age of fifty years," and the exercise by the executors at that time of their discretion to terminate the trust; and, second, a remainder in her own heirs at law, limited upon the same precedent estate in the executors, and contingent upon the failure of the estate to vest in the said Tuthill, and also upon his failure to exercise the power of disposal by will during the term of the trust. The creation of such future estates to take effect in the alternative seems to be authorized by section 41 of the real property law, and all of the contingencies upon which said estates are limited must happen during the life of said Tuthill. This construction effectuates the plain intention of the testatrix, as she clearly intended that upon her son's arriving at the age of 50 years, the trust might be terminated, and a fee absolute vested in him, that during the continuance of the trust he should have the power of disposal by will, and that upon the failure of all these contingencies the property should vest in her own heirs at law. The said Tuthill, therefore, did take a descendible, devisable, and alienable estate (section 49, Real Property Law), to which the lien of the plaintiff's judgment attached (section 1251, Code Civ. Proc.). Said interest may be sold

upon execution, and the purchaser at such sale will become the owner of a future expectant estate contingent upon events that may never happen. And the question is presented whether a person having a lien upon such an interest, created by a will, can ask a court of equity to say by a judgment that such interest was in fact created, upon the theory that somebody might spell out a different meaning. Such is not the province of actions for construction of wills. Prior to the enactment of section 1866 of the Code of Civil Procedure, equity took cognizance of actions for the construction of wills only by reason of its jurisdiction over trusts. An heir claiming in hostility to the will could not maintain such an action; a devisee claiming merely a legal estate could not (Weed v. Weed, 94 N. Y. 243); and next of kin were permitted to only on the theory that in case of the invalidity of the will the executors hold the personal property upon a resulting trust (Read v. Williams, 125 N. Y. 560, 20 N. E. 730, 21 Am. St. Rep. 748). The extent to which section 1866 has extended equitable jurisdiction in actions for construction of wills has not been settled. The well-considered case of Whitney v. Whitney, 63 Hun, 59, 18 N. Y. Supp. 3, and the cases in the court of last resort of Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546, and Anderson v. Anderson, 112 N. Y. 104, 19 N. E. 427, 2 L. R. A. 175, construing this section, illustrate the tendency of the courts to confine its application to cases presenting some feature calling for the interposition of equitable doctrines. In the case of Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925, the court said that a purchaser of a devisee could not maintain an action under section 1866, and, while the question there raised related to the validity of a power of sale, and it was said that the determination of that question did not affect the "validity, construction, or effect of a testamentary disposition" within the meaning of the statute, nevertheless this seems to be the last expression of the Court of Appeals on the question directly presented here, and may therefore be accepted as decisive of this case; because, certainly, if a grantee of a devisee of a fee absolute cannot maintain an action for construction, a person having a lien upon a future, expectant estate cannot. The defendants have not waived the right to insist upon this objection. The court found that the provisions of the will, unconstrued of record, are an inequitable obstruction to the enforcement of the lien of the plaintiff's judgment. How an instrument creating an estate to which a lien attaches can be an inequitable obstruction to the enforcement of such lien is not clear. Exceptions were filed to the findings relied upon to support this judgment, and the appeal from the judgment presents the question whether a case for equitable relief was established.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs. All concur.