## JACKSON *v.* CALLAHAN, executor.

A non-judgment creditor of a beneficiary under a will, who is seeking judgment against the beneficiary in a separate suit, can not maintain an equitable action against the executor of the will, to obtain a judicial construction of the will, in order to secure an adjudication to the effect that his debtor (the devisee) took under the will an interest to which the lien of the judgment would attach if obtained.

No. 2544. NOVEMBER 16, 1921.

Petition to construe will. Before Judge Shurley. Taliaferro superior court. February 12, 1921.

*J. A. Mitchell,* for plaintiff.

*Alvin G. Golucke* and *Hawes Cloud,* for defendant.

GEORGE, J. J. S. Jackson brought suit in the city court of Greensboro against R. L. Andrews, upon an account and a promissory note. While the suit was pending Jackson filed a petition in equity against J. H. Callahan as executor of the estate of J. V. Andrews, for the purpose of having the will of J. V. Andrews construed and the interest of R. L. Andrews under the will determined. To the petition the executor filed demurrers both general and special. The general demurrers were sustained, and the petition was dismissed.

The plaintiff is neither a judgment creditor of the beneficiary nor does he assert any lien on or title to any estate devised to the beneficiary. He asserts no equitable claim or right to the estate devised to his debtor, nor does he seek any equitable remedy. The sole object of the action is to obtain a judicial construction of the will, in order to secure an adjudication to the effect that plaintiff's debtor took under the will an interest to which the lien of his judgment, if and when obtained, would attach. Only the personal representative of an estate may maintain an action

having for its sole object the judicial construction of a will. Civil Code (1910), § 4597. "The construction of a will may be invoked by a devisee or legatee as a basis for the recovery of the devised or bequeathed property." *Clay* v. *Clay,* 149 *Ga.* 725 (2) (101 S. E. 793). See also *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227), and cases there cited. "In cases of real difficulty in construing wills, . . the personal representative of the estate may ask the direction of a court of equity; but direction of the court can not be invoked by the legatee or heir, unless such direction is essential to the protection of the legacy or distributive share, or is necessary as a foundation for the recovery by the legatee or heir of his legacy or distributive share." *Morrison* v. *McFarland,* 147 *Ga.* 465 (5), 466 (94 S. E. 569). See also Civil Code (1910), § 4597. Generally the power of courts of equity to construe wills is incidental to some recognized ground of equity jurisdiction; and it is clear that an action merely to construe a will can not be brought by a person who has no lien on or title to the property disposed of by the will, and who may never have any interest in the property or in the construction of the will. See 40 Cyc. 1847. In Higgins *v.* Downs, 101 App. Div. 119 (91 N. Y. Supp. 937), it was held that even a judgment creditor of a beneficiary under a will had no right to maintain an action to obtain a judicial construction of the will, in order to secure an adjudication to the effect that his debtor took an interest under the will to which the lien of the judgment attached. In view of the foregoing, the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*