CHARLES WAGER et al., Appellants, *v.* ELIZA H. WAGER et al., Respondents.

The jurisdiction of equity over trusts, gives it authority to construe wills, whenever necessary to guide the action of a trustee.

An executor is always a trustee of the personal estate of the testator, and can be called to account therefor as such in a court of equity, although no express trust be created by the will.

Any person claiming an interest in the personalty, either as legatee under the will, or as entitled to it under the statute of distributions, may, when the executor claims such interest in his own right, bring suit against him to settle the construction and ascertain the validity of the provisions of the will, so far as plaintiff's interest is concerned, and to enable him to obtain from the executors such portions of the estate as he is either legally or equitably entitled to.

*It seems,* that where complete relief can be obtained in a Surrogate's Court, a court of equity, while it has jurisdiction, may in its discretion decline to entertain an action for an accounting or other relief against executors.

An heir at law or devisee, who claims a mere legal estate in real property,

when there is no trust, cannot come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will.

Where, however, the court has obtained jurisdiction for the purpose of establishing the equitable rights of the next of kin to the personal estate, that carries with it jurisdiction to adjust the whole controversy.

*Chipman* v. *Montgomery* (63 N. Y. 221), distinguished.

*Wager* v. *Wager* (21 Hun, 93), reversed.

(Submitted December 14, 1882; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made May 17, 1880, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 21 Hun, 93.)

This action was brought to obtain a judicial construction of the will of William Wager, deceased.

The material facts are stated in the opinion.

*J. & Q. Van Voorhis* for appellants. The court below erred in holding that it had not jurisdiction to adjudge the construction of the will. (*De Bussiere* v. *Hallady*, 55 How. 210; *Bower* v. *Smith*, 10 Paige, 99; Willard's Equity Jur. 490; 3 Redf. 484; Dayton on Surr. 213; 2 P. Wms. 550, note 1; *Bailey* v. *Briggs*, 59 N. Y. 407; 1 Perry on Trusts, § 94; *Kiah* v. *Grenier*, 1 N. Y. Sup. Ct. 390; *Walrath* v. *Handy*, 24 How. 353; *Onderdonk* v. *Mott*, 34 Barb. 113; *Smith* v. *Van Ostrand*, 64 N. Y. 278; *Moke* v. *Narrie*, 15 Hun, 128; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Wright* v. *Wright*, 54 id. 443; *Jones* v. *Butler*, 20 How. 189; *Emery* v. *Pease*, 20 N. Y. 62.) The General Term erred in holding that the Surrogate's Court has ample jurisdiction in the premises. (Code of Civil Procedure, § 2624; *Bevan* v. *Cooper*, 72 N. Y. 327; *Tucker* v. *Tucker*, 4 Keyes, 136.) This action prevents litigation, and upon that ground the Supreme Court had jurisdiction and ought to have exercised it. (*Burhans* v. *Burhans*, 2 Barb. Ch. 398; *O'Dougherty* v. *Aldrich*, 5 Den. 388; *Jenkins* v. *Van Schaick*, 3 Paige, 242; *Therasson* v. *White*, 52 How. 63; *Clapp* v. *Bromaghem*, 9 Cow. 530; 1 Pomeroy on Eq.

Jur. 293, § 269; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139, 151, 156; *Ireland* v. *City of Rochester*, 51 Barb. 415; *Kennedy* v. *City of Troy*, 14 Hun, 308, 312; *Clark* v. *Village of Dunkirk*, 12 Hun, 181, 187; *Scofield* v. *City of Lansing*, 17 Mich. 437; *City of Lafayette* v. *Fowler*, 34 Ind. 140; *N. Y. & N. H. R. R.* v. *Schuyler*, 17 N. Y. 592.) This action can be maintained on the ground that the respondent is misappropriating and wasting the $4,000 in her hands as a special trust. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Marlett* v. *Marlett*, 14 Hun, 313.) This action may be maintained under chapter 238, Laws of 1853. (*De Bussiere* v. *Holladay*, 55 How. 220; *Knox* v. *Jones*, 47 N. Y. 389; *Isham* v. *Gibbons*, 1 Bradf. 79.) By going to trial the respondent submitted to the jurisdiction of the court, and it was error for the court to hold afterward when it came to pass upon the case, that there was no jurisdiction. (*De Bussiere* v. *Holladay*, 55 How. 210; *Pam* v. *Vilmar*, id. 235; *Green* v. *Milbank*, 3 Abb. N. C. 138.) The will gave to Susan Wager the absolute title to the rest, residue and remainder of the testator's estate. The gift over is repugnant to such absolute ownership and is, therefore, void. (*Trustees of Theological Seminary of Auburn* v. *Kellog*, 16 N. Y. 93; *Smith* v. *VanOstrand*, 64 id. 284–5; *Jackson* v. *Bull*, 10 Johns. 19; *Hill* v. *Hill*, 4 Barb. 419; *Patterson* v. *Ellis*, 11 Wend. 260; *Ide* v. *Ide*, 5 Mass. 500; *Jackson, ex dem. Livingston,* v. *Robins*, 16 Johns. 537; *Ferris* v. *Gibson*, 4 Edw. Ch. 710; 8 Viner's Abr. 103; *Flanders* v. *Clark*, 1 Ves. Sr. 9; *Butterfield* v. *Butterfield*, id. 133; *Noris* v. *Beyea*, 3 Kern. 286; *Converse* v. *Kellogg*, 7 Barb. 593; *Kelly* v. *Kelly*, 61 N. Y. 50; Redfield on Wills [ed. 1864], 431.) The testator not having in his will made any provision against a lapse of the legacy or devise to the daughter in case of her death in his life-time, the same has lapsed. (Redfield on Wills, Part 2 [ed. of 1866], 491; *Sibley* v. *Cook*, 3 Atk. 572; *Corbyn* v. *French*, 4 Ves. 418, 435; *Baker* v. *Hansberry*, 3 Russ. 340; Roper on Legacies, 471; Williams on Executors, 1207 [1304]; Willard on Executors, 354; Jarman on Wills [ed. of 1861], 766; [Rule of Construction, No. 24]; *Perkins* v. *Michelwaite*,

1 P. Wms. 274; *Areson* v. *Areson,* 3 Den. 458, 461, 462, 463; *Scott* v. *Guernsey,* 48 N. Y. 106.)

*E. A. Nash* for respondent. There is no repugnancy in a general bequest or devise to one person, in language which would ordinarily convey the whole estate, and a subsequent provision that upon a contingent event the estate should be diverted and go over to another person. (*Norris* v. *Beyea,* 13 N. Y. 284; *Taggart* v. *Murray,* 53 id. 236; *Terry* v. *Wiggins,* 47 id. 512; *Smith* v. *Bell,* 6 Peters, 68; *Colt* v. *Heard,* 10 Hun, 189; *Campbell* v. *Beaumont,* 12 Weekly Dig. 232; 2 Redf. on Wills [3d ed.], 395; 1 Jarman, on Wills [Bigelow's ed.], 472, note 1.) The devise and bequest to the daughter lapsed by her death in the life-time of the testator, and the remainder over to the wife took effect. (2 Redf. on Wills, 278, pl. 34; *Burbank* v. *Whitney,* 24 Pick. 146; *Mowatt* v. *Carow,* 7 Paige, 328; *Downing* v. *Marshall,* 23 N. Y. 366; *McLean* v. *Freeman,* 70 id. 81; *Norris* v. *Beyea,* 13 id. 284.)

RAPALLO, J. The plaintiffs are next of kin and heirs at law of William Wager, deceased, and claim to be entitled to share in his residuary estate which, as they allege, is undisposed of by his will. The defendant, Eliza H. Wager, is the widow and executrix of the testator, and has taken possession of all the property and estate which he had at the time of his death, and claims to hold and own the same in her own right, to the exclusion of the plaintiff and other heirs and next of kin, and claims that by said will the whole of said property and estate belongs to her as devisee and legatee, absolutely.

By the first clause of the will the testator bequeaths to his wife $4,000, " to have the use and control of the said sum of $4,000 during the term of her natural life, and in case the interest of the said $4,000 shall not be sufficient to support and maintain her, then she is to have the privilege and the right to use so much, from time to time, of the principal of the said $4,000 as she shall deem sufficient to support and make her comfortable," and said bequest is to be in lieu of dower.

By the second clause the testator devises and bequeaths to his daughter Susie E. Wager all the remainder of his real and personal estate, and also whatever amount shall remain or be left by his said wife, at her death, of the said sum of $4,000.

Then follows the provision upon which the present controversy arises, which is in the following words : " But in case my daughter, Susie E. Wager, shall die leaving no issue, before the death of my wife, then in that case all the property, both real and personal, *that shall be left by my daughter at her death which shall belong to me at my death,* I give, together with what shall remain from the above-mentioned $4,000, devise and bequeath to my beloved wife Eliza H. Wager, to her use, her heirs and assigns forever."

The testator's daughter Susie died three days before the testator, and the plaintiffs contend that the residuary bequest to her, lapsed by her death, and that the bequest in remainder to the widow did not take effect, such bequest being of all the property, etc., " that shall be left by my daughter at her death which shall belong to me at my death." That consequently the testator died intestate as to all but the $4,000 given to his widow, and the residue descended to his heirs and next of kin. The widow, on the other hand, claims that the terms of the bequest of the residue are sufficient to entitle her to take.

The testator left real estate of the value of about $2,000, and personal estate to the amount of about $10,000. All his heirs and next of kin are parties to the action, and the plaintiffs ask judgment construing the will, and that it be determined whether, under the provisions thereof, the widow is entitled to all the estate of the testator, or whether all but the $4,000 should be distributed according to law, and for such other or further relief or judgment as may be proper.

If the court should sustain the construction claimed by the plaintiffs, it could undoubtedly, under this complaint, require the executrix to account for the personal estate in this action or remit the parties to the ordinary proceedings in the proper Surrogate's Court for an accounting.

The complaint was dismissed in the court below on the sole ground, as stated in the conclusion of law of the trial judge, that the court had not jurisdiction to declare and adjudge the construction of the will of said William Wager, deceased, in this action.

This conclusion cannot, in our judgment, be sustained. The defendant, Eliza H. Wager, has possession of all the personal estate left by the testator, and has the legal title thereto in her capacity as executrix. The object of this action is to fasten upon a portion of that property a trust in favor of the plaintiffs, and other next of kin, which trust is denied by the executrix, who claims absolutely and in her own right, the equitable as well as the legal title to the property. The jurisdiction of equity over trusts gives it authority to construe wills, whenever necessary to control or guide the action of a trustee, and there can be no clearer case for the exercise of that jurisdiction than where the trustee denies the existence of the trust, and claims the right to appropriate the trust property to his own use. An executor is always a trustee of the personal property of the testator and can be called upon to account therefor as such in a court of equity, even though no express trust be created by the will.

So far as the property is effectually disposed of by the will, the executor holds it in trust for the legatees or beneficiaries, and, according to the law of this country, if there is any part of such property or any interest therein not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the statute of distributions. (*Bowers* v. *Smith*, 10 Paige, 193; 1 Williams on Executors, 294; 2 Story's Eq. Jur., § 1208; *Hays* v. *Jackson*, 6 Mass. 153.)

Any person claiming an interest in the personal estate of the testator, either as legatee under the will, or as entitled to it under the statute of distributions, may file a bill against the executors to settle the construction and ascertain the validity of the provisions of the will, so far as the complainant's interest is concerned, and to enable him to obtain from the executors such portions of the estate as he is either legally or

equitably entitled to. (*Bowers* v. *Smith*, 10 Paige, 200.) As all trusts are the peculiar objects of equitable cognizance, courts of equity will compel the executor to perform his testamentary trusts with propriety. Hence, although in those courts, as well as in courts of law, the seal of the court of probate is conclusive evidence of the *factum* of a will, an equitable jurisdiction has arisen of construing the will in order to enforce a proper performance of the trusts of the executor. The courts of equity are consequently sometimes called courts of construction in contradistinction to the courts of probate. (1 Williams on Ex. 294; *Hayes* v. *Hayes*, 48 N. H. 219; Redfield on Wills, 495.)

There is no more common instance of the interposition of the Court of Chancery in England to construe wills of personal estate and declare an executor to hold as trustee, than the very case now before us; that is, where an executor claims to take the residuary estate in his own right, in hostility to the claims of the next of kin. By the English law executors take beneficially as well as nominally, all the personal estate not effectually disposed of by the will, where there is nothing in the will to the contrary, but courts of equity lay hold of any circumstances which may rebut the presumption of such a gift to the executor, and the books are full of cases where equity has interposed to construe the will in this respect, many of which cases are very analogous to the present one. In *Bishop of Cloyne* v. *Young* (2 Ves. Sr. 91), the testator, after making various legacies, gave and bequeathed the remainder of his estate, real and personal, without saying to whom. The executors claimed it and the next of kin filed a bill to have them declared trustees of the residue for their benefit, and it was so decreed by Lord HARDWICKE. In *Lord North* v. *Purdon* (2 Ves. Sr. 495), the testatrix gave all her property to M. L., to be paid to her at twenty-one or marriage, whichever should first happen, or in case she died before twenty-one or marriage, then to blank, and appointed the defendants executors. She died before twenty-one, unmarried, and the plaintiffs as next of kin of the testatrix claimed that a trust should be declared in their favor, and it was so de-

creed, the master of the rolls construing the will both as to the vesting of the legacy and the intention that the executors should not take. *Nicholls* v. *Crisp* (Ambler, 769), was a case like the present one. The bequest of the residuary estate lapsed by the death of the residuary legatee in the life-time of the testator, and the question was presented by the next of kin to the Court of Chancery, who decided in favor of the next of kin. *Bennet* v. *Batchelor* (3 Bro. Ch.), was a similar case of a lapsed legacy, and the executors on a bill filed against them by the next of kin were decreed to hold as trustees. *Hornsby* v. *Finch* (2 Ves. Ch. 78), was also a bill filed by next of kin against executors where the residue was unbequeathed. There was a specific legacy to the executor, and the court construed the will as evincing an intention that the executor should not have the residue, and decreed him trustee for the next of kin.

There can be no doubt of the jurisdiction of a court of equity to entertain such an action. Where complete relief can be obtained in the Surrogate's Court, a court of equity may, in its discretion, decline, on that ground, to entertain an action for an accounting or other relief against executors, but the proposition that the court has no jurisdiction in such a case cannot be sustained. The rule is different in respect to real estate. An heir at law or devisee who claims a mere legal estate in real property, where there is no trust, cannot come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will and thus determining the title to the real estate; for the decision of such legal questions belongs exclusively to courts of law, unless a court of equity has obtained jurisdiction of the case for some other purpose. (*Bowers* v. *Smith*, 10 Paige, 193; *Post* v. *Hover*, 33 N. Y. 602.) If the court has obtained jurisdiction for the purpose of establishing the equitable right of the next of kin to the personal estate, that carries with it jurisdiction to adjust the whole controversy. (10 Paige, 200.)

The case of *Chipman* v. *Montgomery* (63 N. Y. 221) was decided on different grounds. The plaintiffs there had, on their own showing, no present interest in the property, and might

never have any.   There were many other reasons for dismissing the complaint in that action, and the case was entirely different from the present one.

As the court below declined to entertain the case, and has given no construction to the will, there is no actual determination of the General Term on that subject to be reviewed.   For this reason we do not consider that branch of the case properly before us at the present time, but leave it to be considered in the first instance by the Supreme Court.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur, except MILLER, J., absent.

Judgment reversed.