JOHN CHARLES ANDERSON, RESPONDENT, *v.* LAURA V. APPLETON, APPELLANT, IMPLEADED WITH OTHERS.

*Devisee — right of a devisee to bring an action to have his devise declared valid.*

In this action, brought by a devisee to establish the validity of his devise and to enjoin the defendants from impeaching the will or any devise therein, an injunction was obtained enjoining the defendants from proceeding, in an action for partition subsequently brought, pending this action.

*Held,* that this action could not be maintained under chapter 316 of the Laws of 1879, as that act had been repealed by sections 1866 and 1867 of the Code of Civil Procedure.

That, as the phraseology of section 1866 of the Code of Civil Procedure, which was claimed to be applicable to this case, is substantially the same as the provision contained in section 1 of chapter 238 of the Laws of 1853, it did not justify this

action, as such provision in the act of 1853, it has been held, would not sustain such an action.

A devisee who claims a mere legal estate in real property of the testator, where there is no trust, must assert his title by ejectment or other legal action, or, if in possession of the property, must await an attack upon such possession and set up the devise to himself in answer to the hostile claim.

APPEAL by the defendant Laura V. Appleton from an order of the Westchester County Special Term, enjoining her from proceeding in an action for partition, brought subsequently to the commencement of this action, which appeal was sent to the first department for determination for the reason that two of the justices of the second department were disqualified from hearing the same.

The action was brought by a devisee under the will of John Anderson, deceased, and prayed that the validity of the last will and testament and codicil of said John Anderson might be determined herein, and that the same might be adjudged to be, in all respects, valid and effectual; and that the plaintiff might be adjudged to be the lawful devisee of the residuary estate of the said John Anderson; and that the defendants, and each of them, be enjoined from impeaching the said will or codicil, or any devise therein contained, or any estate or title of the plaintiff or his grantees derived from or depending on said will or codicil.

*E. C. James,* for the appellant.

*Calvin Frost,* for the respondent.

VAN BRUNT, P. J.:

It is manifest from the papers in this case that this action was brought under the provisions of the Laws of 1879, chapter 316. That the act of 1879 no longer affords authority for the commencement of an action of this nature it is not necessary to discuss, as the Court of Appeals in the case of *Horton* v. *Cantwell* (108 N. Y., 255), decided that the act of 1879 had been repealed by the passage of sections 1866, 1867 of the Code of Civil Procedure. The only question, then, to be considered is whether this action can be maintained under section 1866 of the Code. It is to be observed that, with some change of phraseology, a portion of section 1866, which is claimed to be applicable to the case at bar, is substantially the same as the provision contained in section 1 of chapter 238 of the Laws

of 1853, and unless an action similar to the one at bar could have been maintained under the act of 1853 there seems to be no basis for its institution under the provisions of the Code, section 1866. The cases of *Chipman* v. *Montgomery* (63 N. Y., 221); *Weed* v. *Weed* (94 id., 243) and *Wager* v. *Wager* (89 id., 161), lay down distinctly the principle that in the then condition of the law an action similar to the one at bar could not be maintained. The principle enunciated is to the effect that a devisee who claims a mere legal estate in real property of the testator, where there is no trust, must assert his title by ejectment or other legal action, or if in possession must await an attack upon it and set up the devise in answer to the hostile claim. That the principles laid down in *Chipman* v. *Montgomery*, and the other cases cited, are applicable to the present state of the law seems also to be asserted with great distinctness by the court of last resort in the case of *Horton* v. *Cantwell* (*supra*).

These cases determine, without ambiguity, that the plaintiff occupies no such relation and seeks no such relief as that a court of equity can entertain jurisdiction.

It is true that the learned justice who heard the demurrer in this case has come to a different conclusion; but his opinion seems to have been based upon the view that the amplification of the language of the act of 1853, in section 1866 of the Code, had abrogated the principle which had previously been enunciated in the case of *Chipman* v. *Montgomery*. As has been seen, the Court of Appeals have reiterated the doctrine established in the case last cited. There seems, therefore, to be no necessity for discussion, as the maintenance of the principles established by the adjudications above mentioned seems to be directly opposed to the conclusion arrived at by the learned justice upon the demurrer.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements.

MACOMBER, J., concurred.

BARTLETT, J.:

I agree that the respondent should not have an injunction under the circumstances of this case, and, therefore, concur in the result reached by my associates. I doubt the correctness of the conclusion, however, that the action is not maintainable under section 1866

of the Code of Civil Procedure. (*Adams* v. *Becker*, 13 N. Y. State Rep., 41.) It does not seem to me that this conclusion necessarily follows from the opinion of the Court of Appeals in the case of *Horton* v. *Cantwell.*

Order reversed, with ten dollars costs and disbursements.