## HIGGINS *et al.* *v.* UNION TRUST CO. *et al.*

*(Supreme Court, General Term, First Department.    May 23, 1890.)*

WILLS—ACTION TO CONSTRUE—JURISDICTION.

An action to construe a will for the purpose of having it declared invalid cannot be maintained in the supreme court, where complete relief can be obtained in the surrogate's court.

Appeal from special term, New York county.

Action by Fannie Higgins and others against the Union Trust Company and others, to construe the will of Elizabeth J. Bryant, deceased.    The complaint was dismissed, and plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*David S. Remsen*, for appellants.    *Alfred H. Byrd*, for respondent Union Trust Co.    *William C. Beecher*, for infant respondents.

VAN BRUNT, P. J.    This action is brought by the plaintiffs as heirs at law and next of kin of Elizabeth J. Bryant, the testatrix herein, to construe her will for the sole purpose of having the same declared invalid.    It seems to us clear that the action ought not to be entertained.    *Anderson* v. *Anderson*, 112 N. Y. 104, 19 N. E. Rep. 427; *Horton* v. *Cantwell*, 108 N. Y. 255, 15 N. E. Rep. 546; *Weed* v. *Weed*, 94 N. Y. 243; *Wager* v. *Wager*, 89 N. Y. 161; *Chipman* v. *Montgomery*, 63 N. Y. 221.    If it should be claimed that the case of *Wager* v. *Wager*, 89 N. Y. 161, is an authority to the contrary, an examination of that case shows that the court expressly recognized the right of the supreme court to refuse to entertain jurisdiction where complete relief can be obtained in the surrogate's court.    In the case at bar, complete relief can be had in the surrogate's court, and there seems to be no good reason why this court should be called upon to do that which can be just as well disposed of in the surrogate's court.    Objection is raised as to the allowances made in the decree, because there is no basis shown for these allowances.    As the case does not purport to contain all the evidence, we cannot tell whether it contained proof justifying the allowances or not.    The judgment should be modified by striking therefrom the words "on the merits," and, as thus modified, affirmed, with costs to the respondents.    All concur.