### KALISH v. KALISH et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. WILLS—ACTION TO CONSTRUE—RIGHT TO MAINTAIN.
   A son, admitting the validity of his father's will as to his mother's life estate, and not interested in a certain trust created by the will after his mother's death, cannot maintain as heir at law a suit in equity to have the will construed and the trust therein created for the benefit of others declared void, and an intestacy after the expiration of the mother's life estate, adjudged.

2. SAME—PRESENT INTEREST IN ESTATE.
   A son cannot maintain a suit in equity to have his father's will construed, and a trust therein created declared invalid because real and personal property are mingled therein, where he cannot obtain at present a distributive share of the estate, either as next of kin or as legatee.

3. SAME—CONSTRUCTION—HEIRS AT LAW.
   Code Civ. Proc. § 1866, providing that the validity, construction, or effect of a testamentary disposition of real property situated in the state, or of an interest in such property which would descend to the heir at law of an intestate, may be determined in an action brought for that purpose, in like manner as the validity of a deed purporting to convey land may be determined, does not authorize such a suit, there being no feature of fraud, mistake, or other fact calling for equitable relief.

Appeal from special term, New York county.

Action by Max Kalish against Julius Kalish and others for construction of the will of Joseph Kalish, deceased. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

G. W. Starr, for appellant.

E. W. S. Johnston, for respondents.

PATTERSON, J. Julius Kalish died in October, 1897, leaving a last will and testament, which was duly admitted to probate by the surrogate of New York county. He left, him surviving, his widow and nine children, one of whom is the plaintiff. By his will he gave all his property, real and personal, to his wife during her natural life, and then directed that until the final disposition of his estate his executors should pay to each of two of his daughters a certain sum annually, and to another of his daughters a certain other sum annually. He then made provision for a sale of real estate by his executors during the lifetime of his widow, or during a period of time intermediate her death and the final disposition of the estate. In case of a sale of his real estate, he directed that the proceeds should be reinvested in other real estate, but that none should be sold during the lifetime of his widow without her consent. He then required that upon the death of his widow his executors should hold the property in trust until the final distribution of the estate, giving to them a power to collect the rents, issues, and profits until distribution, and after the payment of the annual sums to his daughters as before provided for, and taxes and charges upon the property, to invest the surplus in real estate. By the eighth clause of the will, he directed that his estate should not be distributed or settled until five years shall have elapsed after the decease of his wife,—such settlement and final distribution to be made as soon after the expiration of five years from her death as in the opinion of his executors would be for the best interest of his estate and those who are to be sharers therein; and in aid of the final settlement he again gave a power of sale to the executors. On the final distribution of the estate, the testator gives to his son Max, the plaintiff, the sum of $100 in cash, and assigns a reason for not making that bequest larger. He then gives to certain of his executors a sum of $8,000 in trust for the benefit of one of his daughters during her life, with gift over upon her death; and the balance of the estate, after the payment of the legacy to the plaintiff, and the deduction of the amount of the trust for the daughter, he disposes of in various proportions among his seven other children, and then adds an in terrorem clause.

The action is brought to test the validity of the provisions of the will relating to the disposition of the estate of the testator after the death of his widow, and to have it judicially declared that all its provisions concerning a trust in any portion of the real or personal property, to begin upon the death of the widow, are void, and that it be adjudged that they be set aside, and that there is in-

61 N.Y.S.—29

testacy after the expiration of the widow's life estate, and that it be further adjudged that the plaintiff, as an heir at law and one of the next of kin of the testator, has become vested with a beneficial interest in an undivided ninth of the testator's estate, to vest in him in possession after the death of the testator's widow, and that it be further adjudged that the executors have no capacity, either as executors or trustees, to sell any of the real property of the testator on the death of his widow, and for other relief. On the trial of the cause the complaint was dismissed on the ground, as it would appear by the record, that the plaintiff had no standing in court to maintain the action. In that conclusion of the trial justice, we fully concur.

As heir at law, not interested in any trust created by the will, and suing in hostility to the will, the plaintiff is in no position now, on general principles of equity jurisdiction, to maintain an action to have the trusts therein created for the benefit of others declared void. Bailey v. Briggs, 56 N. Y. 407; Chipman v. Montgomery, 63 N. Y. 221; Anderson v. Anderson, 112 N. Y. 110, 19 N. E. 427, 2 L. R. A. 275. He admits the validity of the will as to the life estate. He claims that by reason of void trusts the remainder has not been lawfully disposed of. That presents a purely legal question, to be tried at law when and if the occasion to do so arises. Nor is he entitled, as next of kin, to maintain the action upon the theory that real and personal property are mingled in the trust, and that therefore he is entitled to have the will construed, and the trusts declared invalid. Executors, who are trustees of personal estate of a testator, and who held the personalty, either under the will, or as trustees of a resulting trust for the benefit of the next of kin, if the provisions of the will disposing of that personalty are invalid, are accountable in a court of equity to those entitled to that personalty; and any one claiming an interest in the personalty, either as legatee under the will, or as entitled to it under the statute of distributions, may, when the executor claims the interest in his own right, bring suit to settle the construction and ascertain the validity of the provisions of the will, so far as the plaintiff's interest is concerned, and to enable him to obtain from the executor such portion as he is either legally or equitably entitled to. Wager v. Wager, 89 N. Y. 161. But support for this action cannot be claimed upon that theory, if for no other reason than that here the plaintiff is not seeking to obtain, and upon his own showing cannot obtain, at present, a distributive share of the estate either as next of kin or as legatee. In Horton v. Cantwell, 108 N. Y. 267, 15 N. E. 554, referring to Wager v. Wager, the court said that as to personal property an executor is always a trustee, and any one claiming an interest in such personalty, either as legatee under the will, or as entitled to it under the statute of distributions, may, when the executor claims such interest in his own right, bring suit to settle the construction and ascertain the validity of the provisions of the will, so far as plaintiff's interest is concerned, and to enable him to obtain from the executors such portions of the estate as he was entitled to. In Read v. Williams, 125,

N. Y. 566, 26 N. E. 730, the right of the next of kin to maintain a suit in equity for the construction of a will disposing of personal estate is very broadly stated, but it is not suggested that either the next of kin or legatee not having a present interest in the property, and who may never have any, has authority to maintain the suit. This plaintiff has no present interest, as next of kin or as legatee, requiring the construction of the will. The remarks of Learned, P. J., in Marlett v. Marlett, 14 Hun, 315, are appropriate, viz.:

"Plaintiff's counsel cites a remark of the chancellor in Bowers v. Smith, 10 Paige, 199, to the effect that an executor takes the personal property as trustee, and that a person claiming an interest may file a bill to settle the construction of the will; but the chancellor adds, 'and to enable him to obtain from the executors such portions of the estate as he is either legally or equitably entitled to.' Now the difficulty with the present case is that the plaintiffs at this present time are confessedly not entitled to anything in possession. All that they claim is that at some future time they, or some persons succeeding to them, will be entitled to this personal property. * * * Advisory suits should seldom be permitted, except when brought by trustees or quasi trustees for their own protection."

But it is further urged by counsel for the appellant that the action may be maintained under section 1866 of the Code of Civil Procedure, which provides that the validity, construction, or effect, under the laws of the state, of a testamentary disposition of real property situated in the state, or of an interest in such property which would descend to the heir at law of an intestate, may be determined in an action brought for that purpose, in like manner as the validity of a deed purporting to convey land may be determined. It was held in the case of Whitney v. Whitney, 63 Hun, 598, 18 N. Y. Supp. 3, that, notwithstanding this provision of the Code, where a party claims a purely legal estate in land, and seeks to have his title adjudicated upon, or to recover possession against an adverse claimant, there being no feature of fraud, mistake, or other fact calling for the application of equitable doctrines and the granting of a peculiar equitable relief, the remedy at law is adequate, and the concurrent jurisdiction in equity does not exist. In the opinion of the court, by Martin, J., in that case, the history of legislation which eventuated in the enactment of section 1866 of the Code as it now reads is given, and it is clearly shown that by that section the right to maintain a suit in equity is not given where the plaintiff can have his remedy at law in ejectment; and in the same case the authorities are reviewed on the right to maintain the action as one in equity irrespective of this section of the Code. The reasoning of the court in the case cited is so satisfactory, and the review of the authorities so ample, that it is unnecessary to pursue the subject further. We therefore conclude that the plaintiff was not entitled to maintain this suit.

The judgment must be affirmed, with costs. All concur.