.(37 Misc. Rep. 457.)

## In re HAUGHIAN.

(Surrogate's Court, Kings County. March, 1902.)

EXECUTORS—UNBEQUEATHED RESIDUUM—DISTRIBUTION.

The surrogate has no power to appoint an administrator to dispose of the undistributed residuum of an estate not disposed of by the will, the executor under the will having absolute power.

In the matter of the application of James Haughian for a decree directing Lewis J. Conlon and others, executors of Charles P. Haughian, to settle their accounts Motion for the appointment of an administrator for the unbequeathed residuum. Motion denied.

Edward Browne, for petitioner.

Wilson & Van Wagoner, for executors.

CHURCH, S.　The testator's will, after making certain specific bequests, and nominating executors, failed to make any general provision for the residuum.　It appears that the estate is much greater than the amount of the legacies.　This motion is made by one of the next of kin for the appointment of an administrator of the unbequeathed residuum.

This motion appears to be without precedent, and to grant it would be to create an anomalous and confusing condition of affairs without serving any good purpose.　An executor and administrator's duties are the same, the only difference being that the executor is named by the deceased, while an administrator is the person provided by statute to act in the event of the deceased not making any nomination, so that an administrator could not act any differently, with regard to this fund, than the executor.　It has been held that in such a case as this it is an executor's duty to distribute this unbequeathed property.　"If there is any part * * * not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the statute of distribution."　Wager v. Wager, 89 N. Y. 161, 166.　Counsel contends, however, that, while an executor may do this where there is no opposition, yet when a motion is made for the appointment of an administrator of this unbequeathed property it is a matter of absolute right.　Section 2660 of the Code, in providing where letters of administration shall issue, says, "in case of intestacy."　Section 2514 defines "intestate" as "a person who died without a will," but that where the word is used with reference to "specific property" it means a person who died without a will as to that property.　As the word "intestacy" is used in section 2660 it refers to the person, and not to specific property; hence there was no intention to permit letters of administration to issue in a case of this character.　This is further evidenced by the language of section 2662, which expressly states that no letters of administration shall issue until it is proved "that the decedent left no will."　If it was meant to allow the appointment of an administrator of unbequeathed assets, the section would undoubtedly also contain the words, "or assets unbequeathed by such will."　The language of these sections of the Code, therefore, together with the power which the executor has, as stated in Wager v. Wager, supra, convinces me that there is no right to the application asked for herein.　The motion is denied, with costs.

Motion denied, with costs.