---

### In re MACCAFFIL.

(Surrogate's Court, Westchester County. December 13, 1907.)

1. EXECUTORS AND ADMINISTRATORS—APPOINTMENT.
   Only one person should be appointed to administer the estate of a decedent, and, where a will appoints an executor, he, if competent, should administer the estate.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 128–130.]

2. WILLS—CONSTRUCTION.
   In construing a will effect should be given to every provision thereof as far as possible.

3. EXECUTORS—RIGHT OF ADMINISTRATION.
   The executor appointed in a will disposing of real estate only, leaving the personalty undisposed of, has the right to administer the personalty by paying the debts and distributing the balance among the next of kin entitled to it by law.

4. SAME.
   A testator, who specifically devises real estate only, leaving personalty undisposed of, and who appoints an executor, shows an intention that the executor shall administer the personalty; otherwise, he would have nothing to do.

**5. SAME.**

A testator, who specifically devised real estate only, leaving personalty undisposed of, and who appoints an executor and provides that, in case the executor should become a nonresident, he should be allowed to act without giving bond, shows an intention that the executor shall administer the personalty.

**6. SAME.**

The court, in appointing one to administer the estate of a testatrix, should lean towards the upholding of her selection, rather than the appointment of one whom she did not select.

**7. SAME—"INTESTACY."**

The word "intestacy," in Code Civ. Proc. § 2660, providing that administration in case of "intestacy" must be granted to the relatives of the decedent entitled to succeed to his personalty in the order enumerated, when considered in connection with section 2662, providing that one entitled absolutely or contingently to administration on the estate of an intestate may present a written petition praying for letters of administration, etc., refers to the person and not to specific property.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3732.]

**8. SAME—APPOINTMENT OF ADMINISTRATOR.**

Where an executor appointed in a will should not have the management of the estate, the court should appoint an administrator with the will annexed, pursuant to Code Civ. Proc. § 2643, providing for the appointment of an administrator with the will annexed on the death or incompetency of the executor, etc.

In the matter of the administration of Charlotte M. Maccaffil, deceased. Motion by Howard R. Maccaffil, the surviving husband of decedent, to revoke letters testamentary granted to the executor named in the will of the decedent and for the issuance of letters of administration. Denied.

John P. Duff (William L. Snyder, of counsel), for petitioner.
Crocker & Wickes, for respondent.

MILLARD, S. Charlotte M. Maccaffil died in the county of Westchester, leaving a last will and testament under and by virtue of the provisions of which she gave and bequeathed certain real estate in the city of New York to her brother-in-law, Wilbur Harrison Kirkham, to be held and enjoyed by him during the term of his natural life, and after his death gave and devised the same to his son for the term of his natural life, and after his death to his lawful issue and their heirs absolutely. Said will also provided that, in case her said nephew should die leaving no issue, then the property was to be otherwise disposed of as in said will set forth. She then appointed her said brother-in-law, Wilbur H. Kirkham, as executor of her last will and testament, and revoked all former wills which she at any time made. This will was offered for probate before me, and the testimony of the subscribing witnesses taken and letters testamentary issued; and now a motion is made on the part of the attorney for the petitioner to revoke the letters testamentary so granted to said executor named in said will and for the issuance of letters of administration upon the estate of said Charlotte M. Maccaffil, claiming that the said will fails to dispose of any personal property, but is a valid will only of real

estate, and that said Charlotte M. Maccaffil died intestate as to her personal property, and that letters of administration should therefore be granted to her husband Howard R. Maccaffil, who makes the petition and application therefor.

In the first place, as a matter of public policy, it does not seem to me that the orderly administration of an estate should be committed to two persons, part to one called an "executor" and part to another called an "administrator"; but, on the contrary, the use of ordinary common sense and good judgment requires that one person should administer the estate, and not two, who, as in this case, are apparently unfriendly one to the other. The duties of an executor or administrator are apparently the same. An executor is named by the deceased to administer an estate, while an administrator is the person provided by the statute to act in the event of the deceased not making any nomination, so that the difference between an executor and an administrator is largely one in name only. In construing all wills, it should be the duty of the court to give force to every provision thereof as far as possible; and in doing this in this case there are two things which are absolutely without force or significance, unless the executor has some power other than the petitioner herein would admit.

It is claimed by the petitioner that the appointment of the executor is mere surplusage, that the will disposes of the real estate without the intervention of the executor, and that the parties to whom it is devised take it by reason of the provisions of the will. It is admitted by the attorney for the executor named in the will that this appointment would be surplusage unless there was something for the executor to do. It was held in Wager v. Wager, 89 N. Y. 161, 166, "that, if there is any part of an estate that is not effectually disposed of by the will, the executor holds it in trust for those who are entitled to it under the statute of distribution"; and so in this case, the executor having been named in the will and the personal property being undisposed of, it is my opinion that the executor has the right to administer the personal estate by paying the debts and distributing the balance among the next of kin entitled to it by law.

There are two things in this will itself which show the intention of the testatrix to have the executor named therein administer her estate. First, she must be presumed to know the law, and the fact that she names an executor, who could have nothing whatever to do with the specifically devised real estate, as is conceded by all parties, is a clear evidence of her intention that he was to administer the personal property, otherwise he would have nothing whatever to do; and, second, the further provision of the will, "I direct that in case he [referring to the executor named] at my decease shall be or become a nonresident of the state of New York, he shall be allowed to act as such executor without giving bonds," again evidences this intention. What possible thing would there be for this executor to do unless he was to administer the personal estate, and what act did the testatrix contemplate when she used this language. I am convinced from these provisions of the will that the testatrix intended to have the executor named therein administer her personal property, and I think it should be the duty of the court to lean towards upholding the testatrix's own

selection, rather than the appointment of one whom she did not select, although she had that opportunity, and who the law by chance would appoint to administer the estate if no executor were named.

Section 2660 of the Code, in providing where letters of administration shall issue, says: "In cases of intestacy." The word "intestacy," as used in this connection, refers to the person, and not to specific property. This is further evidenced by the language of section 2662 of the Code, which expressly states that no letters of administration shall issue until it is proved "that the decedent left no will." This condition the petitioner in this case could not fulfill, and I am sure that if it was intended to allow the appointment of an administrator of unbequeathed assets the provisions of the Code would be amended, and would contain, in addition to the above statement, "or assets unbequeathed by such will," or other words or statements showing that this alone was necessary. This same doctrine has been held in Matter of Haughian, 37 Misc. Rep. 457, 75 N. Y. Supp. 932.

It also seems plain that, if it was necessary to do anything beyond appointing the executor named in the will and the issuance of letters testamentary to him, the appointment of an administrator with the will annexed would be the proper practice, rather than an administrator, as asked for here. The provisions of section 2643 of the Code provide that:

"If no person is named as executor in the will or selected by virtue of a power contained therein, or if at any time, by reason of death, incompetency adjudged by the surrogate, renunciation in either of the methods prescribed in section 2639 and section 2642 of this act, or revocation of letters, there is no executor, or administrator with the will annexed, qualified to act, the surrogate must, upon the application of a creditor of the decedent, or a person interested in the estate of the decedent, or having a lien upon any real property upon which the decedent's estate has a lien, and upon such notice to the other creditors and persons interested in the estate, as the surrogate deems proper, issue letters of administration with the will annexed, as follows: * * * (3) If there is no such legatee or guardian, or none who will accept, then to the husband, or wife, or to one or more of the next of kin, or to one or more of the heirs or devisees, so qualified."

It will thus appear plain that, if the executor here should not have the management of this estate, it should then pass to an administrator with the will annexed, who would be appointed as provided in this section, and that the applicant here, the husband of the deceased, would only get it after all those preferred by this statute had failed to qualify or waived their right to the appointment. I have considered in arriving at this conclusion the memoranda submitted to me, including all the English cases therein referred to, and I do not believe that any of them are in conflict with the law as I have attempted to lay it down in this proceeding.

For every reason, including the proper and speedy administration of the estate, as well as giving respect to the wishes of the testatrix, I am convinced that the letters testamentary should be issued to the executor named in the will, and that the application for letters of administration upon the estate should be denied, as I am satisfied that the granting of such letters would tend to create a confusing condition of affairs, without serving any good purpose.