NELLIE W. FURGUSON and MARY K. G. MEEKER, Plaintiffs, *v.* HAROLD J. GLOVER and AUGUSTA I. WHITE, as Executors of the Last Will and Testament of MARY S. HULBERT, Deceased, HAROLD J. GLOVER, Individually, and CHARLES HERBERT HINCKLEY, Defendants.

(Supreme Court, Cortland Special Term, April, 1918.)

Wills — action for construction of — testamentary disposition — legacy
— devise — pleading — devastavit.

Where a testamentary disposition of personal property is claimed to be invalid or inoperative for any cause, the next of kin of the testatrix may bring an action in equity for the construction of the will.

Testatrix died leaving her surviving no husband, father or mother, her only heirs and next of kin being second cousins, two of whom brought an action for the construction of a clause of the will which provides as follows: "All the rest, residue and remainder of my estate, real and personal property of every name and nature in possession or reversion, including all legacies and devises herein which may lapse by reason of the death of the beneficiary or otherwise be declared illegal, be annulled or not be accepted as herein provided, I direct shall be held and disposed of by Harold J. Glover, one of the executors hereinafter named, according to the terms of confidential instructions in writing given by me to him he understanding

my desires in relation to such residue, and the reasons therefor. I have full and explicit confidence that he will dispose of said property according to my instructions, it being my full intention and purpose, that there shall be no intestacy as to any of my property." The complaint alleged *inter alia* that at the time of her death testatrix was seized and possessed of certain real and personal estate within the state of New York to the amount and value of $80,000, while the personal estate amounted to about $7,000 and the legacies under the will not lapsed therein amounted to about $4,000. It was further alleged that the larger portion of the estate not specifically bequeathed and devised was included within and controlled by the above mentioned clause and was under the absolute " control and management of Harold J. Glover, one of said executors, who is squandering and wasting said estate, and committing devastavit thereof, and has attempted to place a real estate mortgage upon the principal real estate embraced within and under said 12th paragraph, and has attempted to make a loan thereon to the amount of $2,500."

*Held,* that the complaint stated a cause of action, and a demurrer thereto will be overruled, with leave to defendants to answer.

ACTION for the construction of a will.

John H. Miller and Louis H. Moos, for plaintiffs.

Clayton R. Lusk, for demurring defendants.

A. L. KELLOGG, J. This is an action in equity for the construction of the 12th paragraph contained in the last will and testament of Mary S. Hulbert, deceased.

The complaint, among other things, alleges, that the said Mary S. Hulbert died, on or about the 7th day of February, 1917, without issue, leaving no husband, father, mother or other heir-at-law or next-of-kin, except the plaintiffs and the defendant Charles Herbert Hinkley, who are her second cousins and her only heirs-at-law and next-of-kin.

That thereupon the plaintiffs and the said Charles

Herbert Hinckley became entitled to the estate of said Mary S. Hulbert, not legally otherwise disposed of by her last will and testament. It is also alleged in the second paragraph of the complaint that at the time of her death the said Mary S. Hulbert was seized and possessed of certain *real and personal estate* situate within the state of New York to the amount and value, as plaintiffs are informed and believe, of approximately $80,000.

It is set forth in the 5th paragraph of the complaint that the provisions of said will hereinafter set forth are indefinite and uncertain in their subjects and objects, invalid and unauthorized by law, and unlawfully suspend the absolute power of alienation of such portions of the estate of said decedent as are embraced therein, and they hereby allege upon information and belief that the said provisions are, and each of them is, illegal and invalid law.

The 12th paragraph of the said will is set forth in the 6th count or subdivision of the complaint, and is as follows:

" *Twelfth,* All the rest, residue and remainder of my estate, real and personal property of every name and nature in possession or reversion, including all legacies and devises herein which may lapse by reason of the death of the beneficiary or otherwise be declared illegal, be annulled or not be accepted as herein provided, I direct shall be held and disposed of by Harold J. Glover, one of the executors hereinafter named, according to the terms of confidential instructions in writing given by me to him he understanding my desires in relation to such residue, and the reasons therefor. I have full and explicit confidence that he will dispose of said property according to my instructions, it being my full intention and purpose, that there shall be no intestacy as to any of my property."

It is also alleged in the 7th paragraph of the complaint that the major portion of said estate, not specifically bequeathed and devised, is included in or controlled by said 12th paragraph of said will above set forth, and is under the absolute control and management of Harold J. Glover, one of said executors, who is squandering and wasting said estate, and committing *devastavit* thereof, and recently has attempted to place a real estate mortgage upon the Hulbert Block, the principal real estate embraced within and under said 12th paragraph; attempted to make a loan thereon to the amount of $2,500, but not succeeding, while the personal estate, according to admissions made in his petition for probate of said will amounts to about $7,000, and the legacies under said will not lapsed therein amount to about $4,000.

The plaintiffs pray judgment that the devises and bequests embraced in paragraph 12th of the will of decedent be adjudged illegal, void, and of no effect, and that, in respect to said property, the same vested in plaintiffs, and one other if he were then living, and if not in his heirs-at-law, etc.

2. That the said executors, as such, and the said Harold J. Glover, individually, be required to account for all of said estate, except such portion thereof as shall be necessary to pay the bequests provided in said will which have not lapsed, other than those mentioned in the 12th paragraph of the same, and for the removal of such of said executors as have committed *devastavit,* and that an injunction be issued herein restraining the executors from interfering with said real and personal property.

The defendants Harold J. Glover and Augusta R. White, as executors, etc., and the defendant Glover, individually, demur to the complaint upon the ground that it appears upon the face thereof that causes of action have been improperly united therein.

1. A cause of action to determine the validity, construction or effect under the laws of the state of a testamentary disposition of real property situated within the state, or of an interest in such property which would descend to the heir of an intestate.

2. An action for an injunction.

3. An action for an accounting.

Defendants demur to said complaint on the further grounds:

(a) That the court has no jurisdiction of the subject of the action;

(b) That the complaint does not state facts sufficient to constitute a cause of action.

The plaintiffs are in no way parties to or beneficiaries under this 12th clause of the will, or interested in a construction or execution of the trust provisions contained therein. They do not want them enforced. Their only possible interest is in attacking them, and having them declared invalid, and the suit of such persons, in such an attitude, does not give jurisdiction upon the theory that a trust is involved. *Anderson* v. *Appleton,* 48 Hun, 534, 535.

The only question then to be considered is, whether this action can be maintained under section 1866 of the Code of Civil Procedure. It is to be observed that with some change of phraseology, a portion of section 1866, which is claimed to be applicable to the case at bar, is substantially the same as the provisions contained in section 1 of chapter 238 of the Laws of 1853, and unless an action similar to the one at bar could have been maintained under the act of 1853 there seems to be no basis for its institution under the provisions of the Code. Code Civ. Pro. § 1866.

The principle seems to be well settled, that a devisee, who claims a mere legal estate in real property of the testator, where there is no trust, must assert his title

by ejectment, or other legal action, or if in possession must await an attack upon it, and set up the devise in answer to the hostile claim. *Weed* v. *Weed,* 94 N. Y. 243. It has also been determined that to authorize an action under the Code for the construction of a will, by one claiming the invalidity of provisions therein, disposing of real property, there must be a disposition of some interest which may possibly be enjoined in actual possession during the lifetime of the plaintiff, if the provision be decreed invalid. *Horton* v. *Cantwell,* 108 N. Y. 255.

The case of *Whitney* v. *Whitney,* 63 Hun, 59, 68, was an equity action brought to obtain a construction of the last will and testament of Joshua Whitney, deceased. Martin, J., in writing for the court in that case, said: ''At the threshold of this investigation, the question is presented, whether this action can be maintained. * * * its manifest object and purpose was to determine the legal title of certain real estate which was in possession of the appellants. The appellants contend that, as the questions involved related to real estate only, and did not include the consideration of any existing trust, this suit cannot be maintained. It is quite obvious that while the determination of this case may have involved to some extent the construction of Joshua Whitney's will, still, such construction was necessary only to the extent of determining who had the legal title to the real estate in question, and involved no question as to any existing trust.

'' Whether, under such circumstances, a suit in equity can be maintained for the construction of a will, and the determination of the title to the real property claimed under it, where the questions involved could be determined in an action at law to recover the possession of the premises, is the precise question we are called upon to determine.''

Continuing, Martin, J., in *Whitney* v. *Whitney,* 63
Hun, 75, said, in substance : We are, however, of the
opinion that the legislature did not intend by section
1866 of the Code to confer such additional jurisdiction
as would authorize the maintenance of a suit in equity
to determine the title to real property, when the plain-
tiff has a full, adequate and immediate remedy by an
action at law.

The complaint, however, here, alleges, *" that at the
time of her death the said Mary S. Hulbert was seized
and possessed of certain real and personal estate
within the State of New York to the amount and value
of eighty thousand dallars  \* \* \*.  While the per-
sonal estate amounts to about seven thousand dollars,
and the legacies under said will not lapsed therein
amount to about four thousand dollars,"* treating as
surplusage, the words " according to the admissions
made in his petition for probate of said will."

It is also alleged, *" that the major portion of said
estate, not specifically bequeathed and devised, is
included within and controlled by the 12th paragraph
of the will of the said decedent, and is under the abso-
lute control and management of Harold J. Glover, one
of said executors, who is squandering and wasting said
estate, and committing devastavit thereof, and has
attempted to place a real estate mortgage upon the
principal real estate embraced within and under said
12th paragraph, and has attempted to make a loan
thereon to the amount of $2,500."*

It would seem, therefore, that there is positive aver-
ment here, that the decedent left personal as well as
real property which is affected by the 12th clause of
the will, and that one of the executors, Harold J.
Glover, claims the interest in the real estate in his
own right, has attempted to make a loan thereon, is
squandering and wasting *the estate,* and committing
*devastavit* thereof.

The case of *Kalish* v. *Kalish* was an action where the court held adverse to the plaintiff, but Patterson, J., in writing for the court in that case, said: "Executors who are trustees of personal estate of a testator, and who hold the personalty, either under the will or as trustees of a resulting trust for the benefit of the next of kin, if the provisions of the will disposing of that personalty are invalid, are accountable in a court of equity to those entitled to that personalty; and any one claiming an interest in the personalty, either as legatee under the will or as entitled to it under the Statute of Distributions, may, *when the executor claims the interest in his own right,* bring suit to settle the construction and ascertain the validity of the provisions of the will, so far as the plaintiff's interest is concerned, and to enable him to obtain from the executor such portion as he is justly entitled to." *Kalish* v. *Kalish,* 45 App. Div. 531.

In the same case, Werner, J., in writing for the Court of Appeals said: "The complaint was dismissed at Special Term, and this ruling was affirmed by the Appellate Division upon the ground that plaintiff's claim presents a pure legal question, which has no place in a court of equity. While concurring in the result reached by the learned Appellate Division, we do so upon other grounds than those stated in its opinion. We think that under the cases of *Brady* v. *McCosker* (1 N. Y. 214) referred to with approval in *Anderson* v. *Anderson* (112 N. Y. 108) and *Read* v. *Williams* (125 N. Y. 160), the complaint herein states facts which justify equitable interference. The existence of an intervening life estate, under which the life tenant is in possession, and of a trust which requires construction, present such an impediment to the maintenance of an action at law as to give jurisdiction to a court of equity." 166 N. Y. 371.

The jurisdiction of equity over trusts gives it authority to construe wills whenever necessary to control or guide the acts of a trustee, and there can be no clearer case for the exercise of that jurisdiction than where the trustee denies the existence of the trust *and claims the right to appropriate the property to his own use.* An executor is always the trustee of the personal property of the testator, and can be called upon to account therefor as such in a court of equity, even though no express trust be created by will. *Wager* v. *Wager,* 89 N. Y. 161, 167; *Bowers* v. *Smith,* 10 Paige, 193; *Hays* v. *Jackson,* 6 Mass. 153.

There can be no doubt of the jurisdiction of a court of equity, if the court has obtained jurisdiction for the purpose of establishing the equitable right of the next-of-kin to the personal estate—that carries with it jurisdiction to adjust the whole controversy. " Where complete relief can be obtained in the Surrogate's Court, a court of equity may, in its discretion, decline on that ground to entertain an action for an accounting or for other relief against executors, but the proposition that the court has no jurisdiction in such a case cannot be sustained. The rule is different in respect to real estate. An heir-at-law or devisee who claims a mere legal estate in real property, where there is no trust, cannot come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will and thus determining the title to the real estate; for the decision of such legal questions belongs exclusively to courts of law, unless a court of equity has obtained jurisdiction of the case for some other purpose." *Wager* v. *Wager,* 89 N. Y. 168; *Bowers* v. *Smith,* 10 Paige, 192; *Post* v. *Hover,* 33 N. Y. 602.

If the court has obtained jurisdiction for the purpose of establishing the equitable right of a next-of-kin to the personal estate, that carries with it jurisdiction to

adjust the whole controversy. *Bowers* v. *Smith,* 10 Paige, 200.

The next-of-kin of a testator may bring an equitable action for the construction of his will where the disposition made therein of personal property is claimed to be invalid or inoperative for any cause. Although in such a case the next-of-kin claim in hostility to the will, the executors, in case it is invalid, or cannot take effect, hold the personalty upon a resulting trust for those entitled under the Statute of Distributions, and jurisdiction attaches as incident to the jurisdiction of equity over trust. *Chipman* v. *Montgomery,* 63 N. Y. 221; *Horton* v. *Cantwell,* 108 id. 255; *Read* v. *Williams,* 125 id. 560.

Therefore, taking all the allegations of the complaint in consideration, and as admitted, and the facts necessarily implied therefrom, it would seem that there can be no question but that the plaintiffs have stated a cause of action against the defendants.

Having reached this conclusion, the demurrer is overruled, with costs to be taxed by the clerk of the county of Cortland, the defendants to have leave to answer within twenty days.

Ordered accordingly.