OLGA J. WEIL, Plaintiff, *v.* ELEANOR WEIL and RICHARD WEIL, Defendants.

(Supreme Court, Nassau Special Term, May, 1919.)

Wills — action to determine validity and effect of a testamentary disposition of real property must be tried by a jury — trial — when jury trial may not be waived — calendar — Code Civ. Pro. § 1866.

An action brought under section 1866 of the Code of Civil Procedure to determine the validity and effect of a testamentary disposition of real property situate within this state must be tried by a jury unless a jury trial is waived.

Where by the will sought to be construed the testator bequeathed to his wife all his goods and money both real and personal and the complaint alleges *inter alia* that by reason of the form of the will the defendants, who are the infant children of the testator, might unjustly claim an estate in fee to the real property of which the father died seized, on the ground that the will was not sufficient to pass title thereto, and the will involves no trust, the defendants may not waive their rights to a jury trial and the cause will be stricken from the Special Term calendar without prejudice to its trial at the Trial Term.

ACTION for the construction of a will.

Charles A. Brodek, for plaintiff.

William S. Petty, guardian ad litem for infant defendants.

BENEDICT, J. This is an action under section 1866 of the Code of Civil Procedure to determine the valid-

ity, construction and effect of a testamentary disposition of real property situated within the state. It is brought by the widow of the testator against his and her minor children. One Richard L. Weil, at the time of his death on December 12, 1916, was the owner in fee of a parcel of real property situated in the village of Lawrence, county of Nassau, N. Y., whereon he and his wife and children had resided prior to his decease. He left personal property in addition to this parcel of real property. He left a last will which, excepting the signatures and addresses of the witnesses, was holographic, and reads as follows:

" NEW YORK, *Jan'y* 12th, 1913.

" I Richard L. Weil, being of sound & devising mind, due hereby make this my last will and testament.

" I hereby give & bequeath to my wife, Olga Josephy Weil all goods & moneys both real and personal of which I die possessed, and hereby appoint said Olga Josephy Weil sole executrix of this my last will and testament.

"  RICHARD L. WEIL

" SOLOMON A. VANDER POORTEN

"  969  Tiffany  St

"  Bronx,  N.  Y.

" MARTHA  GOLDSTEIN

"  1315 Prospect Ave.,

"  Bronx,  N.  Y."

This will was, upon the 30th day of December, 1916, admitted to probate in the Surrogate's Court of the county of Nassau.

No attempt was made upon such probate, nor, indeed, would any attempt have been successful, to obtain a construction of or determine the validity of the devise of the testator's real property in the Surro-

gate's Court under the provisions of section 2615 of the Code of Civil Procedure. See *Matter of Harden,* 88 Misc. Rep. 420; *Matter of Catlin,* 89 id. 93; *Matter of Smith,* 96 id. 414. A special guardian was appointed to represent the infant children of the testator upon the probate, and he consented to the probate of the will and the issuance of letters testamentary to the widow therein named, but stated that his consent "is not to be construed as an admission that the attempt on the part of the testator to devise his realty by said will was successful, as it is a question in the mind of the undersigned whether or not the decedent died intestate as to his realty."

The complaint in this action alleges, among other matters, that, by reason of the form of the will, the defendants might unjustly claim an estate in fee to said real property on the ground that said will was not sufficient to pass title to said real property and that, consequently, said decedent died intestate as to his said real property, and also that the plaintiff desires to dispose of said real property, and it further alleges "that it is important that the validity, construction and effect of the aforesaid testamentary disposition thereof should be determined; that plaintiff therefore desires that a determination may be made of any claims made, or that might be made by the defendants adverse to her estate in said real property."

It is apparent, from the language of the will, that there is no trust involved, and it has become settled law that the Supreme Court, were it not for the provisions of section 1866 of the Code of Civil Procedure, would not have authority to pass upon the validity of the alleged devise. It was said by the Court of Appeals in *Davis* v. *Tremain,* 205 N. Y. 236: "The will created no trust and the estates given by it were

all legal, not equitable. Therefore, the construction of the will presented questions of legal, not of equitable cognizance, and the action could not be maintained were it not for section 1866 of the Code of Civil Procedure, which authorizes an action to be brought to determine the validity, construction and effect of testamentary disposition of real estate within the state. (*Mellen* v. *Mellen,* 139 N. Y. 210).''

It was formerly held that, in the absence of any trust or where there is no feature of fraud, mistake or other fact calling for equitable relief, an equitable action could not be maintained to construe a will containing a devise of real property. See *Jones* v. *Richards,* 24 Misc. Rep. 625; *Kalish* v. *Kalish,* 45 App. Div. 528. But it was held in *Adams* v. *Becker,* 47 Hun, 65, that the former rule was changed by the passage of section 1866 of the Code of Civil Procedure, and in that case the General Term reversed a judgment dismissing the plaintiff's complaint and held that an action would lie by an heir at law of the testator against devisees under a will to determine to what extent the provisions of the will affected the title of the heir at law as to the real property which would have descended to him had the testator died intestate.

It was, however, held by the Court of Appeals in an opinion of Judge Peckham, in which all the other judges concurred (*Anderson* v. *Anderson,* 112 N. Y. 104), that a devisee of the legal estate, in possession of the property devised, cannot maintain an action to establish the will against the heirs at law. It was pointed out in that case that, while courts of equity have no inherent jurisdiction to entertain an action to establish a will, section 1866 did authorize the determination '' in an action brought for that purpose '' of the question '' as to the validity, construction or effect under the laws of this state of a testamentary dis-

position of real property." Judge Peckham refers, in the course of the opinion, to the case of *Weed* v. *Weed,* 94 N. Y. 243, where it was held that a devisee who claims a mere legal estate in the property of the testator, where there is no trust, cannot maintain an action for the construction of the devise, but must assert his title by ejectment or other legal action, or, if in possession, must await an attack upon it and set up a devise in answer to the hostile claim. See also *Furguson* v. *Glover,* 103 Misc. Rep. 341, 345, and cases there cited.

But aside from the doubt suggested by these cases, there is, I think, a graver question to be determined in the present action, and one that does not seem to have received notice in any of the decisions above cited. It relates to the forum in which this action may be tried. Section 1866 states that " The validity, construction or effect, under the laws of the State, of a testamentary disposition of real property situated within the State, or of an interest in such property, which would descend to the heir of an intestate, may be determined, in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined." As Surrogate Fowler pointed out in *Matter of Smith,* 96 Misc. Rep. 414: " If the legal title to real property is involved, the surrogate cannot construe the will, as legal titles require a title *in pais* and there is no proper provision in the Surrogates' Law of 1914 for trial by jury in proceedings involving titles to land. Legal titles may not be divested in a naked proceeding for the construction of a will. Legal titles can be tested and defeated only in courts possessed of common law jurisdictions. A man is protected in his freehold by trial by jury in a proper forum. This point needs no citation of authority."

I do not understand that section 1866 confers upon this court any other or different power to determine the validity of a devise of real property than is vested in the courts of common law in determining the validity of a deed. The determination of such an issue, except in a case where it is embraced within general equitable jurisdiction, must, I think, under the provisions of section 1866, be arrived at " *in like manner as the validity of a deed, purporting to convey land, may be determined."* The validity of a deed purporting to convey land can be determined only after a trial at law by the verdict of a jury, unless a jury trial be waived. In the present case, the defendants are infants and cannot waive their rights to a determination of the questions here at issue by a jury, and I, therefore, am of the opinion that this action is not properly upon the calendar of the Special Term, nor was it properly triable thereat, but that, in order to be tried, it must be placed upon the trial calendar and the issues determined by a jury. I, therefore, direct that the action be stricken from the Special Term calendar, without prejudice to its trial at the Trial Term, and that an order, in accordance herewith, may be submitted for signature.

Ordered accordingly.