In the Matter of the Estate of GEORGES LURCY, Deceased.

Surrogate's Court, New York County, October 22, 1954.

*Kenneth C. Royall* for Alice S. Lurcy, petitioner.

*Abraham L. Bienstock* and *Sidney O. Friedman* for Edward M. Bernstein and others, as executors of Georges Lurcy, deceased, respondents.

*Leroy E. Rodman* for Pierre Lurcy, respondent.

FRANKENTHALER, S.   The testator, a citizen of the United States and a resident of New York, died here, leaving a will which disposed of all his property "except [his] French property." The will defines the term, "French property." It has been duly admitted to probate in this court.

The decedent also executed a holographic will disposing of the French property. That will was made in New York. Being unwitnessed, it is not validly executed under the laws of this State. An expert in the foreign law states that the will is not properly executed under the law of France, that the French courts will not recognize it as the decedent's will and that the so-called testament is "void" in France. None of the other parties disputes this evidence and none offers any evidence on that point. On this record it would appear that, insofar as the holographic will is concerned, there is no valid disposition of the property which the testator describes as his French property.

In this proceeding the widow seeks the issuance to her of letters of administration, limited to the French property, or, in the alternative, the enlargement of the scope of the letters issued to the American executors so as to authorize them to administer that property. The widow argues that the court is required by law to take the first alternative and appoint her administratrix. The executors and the brother of the decedent contend that the second alternative is the proper course.

The court will grant the application to the extent that the restrictions on the letters heretofore issued to the executors will be removed and they will be authorized to receive and administer all property of the decedent, including the so-called French property. The rule is that insofar as "property is effectually disposed of by the will, the executor holds it in trust for the legatees or beneficiaries, and, according to the law of this country, if there is any part of such property or any interest therein not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the statute of distributions." (*Wager* v. *Wager*, 89 N. Y. 161, 166; *Matter of Maccaffil*, 57 Misc. 264, affd. 127 App. Div. 21; *Matter of Haughian*, 37 Misc. 457.) The fact that the will of a testator does not operate upon all of his property does not foreclose his executor from administering such property. The administration of estates would be rendered more complicated, more expensive and less efficient if one jurisdiction were to appoint separate officers to administer different portions of the estate within the same territorial limits. Nothing in either the statutes

or in the practice of the court requires such a cumbersome method of administration.

That part of the application which seeks a declaration that the French property passes as intestate property under the laws of this State is marked withdrawn. It is unnecessary at this time to determine how such property shall finally be distributed or to construe the will with respect to such property.

Submit decree on notice accordingly.